Elmo **BLASI**, Plaintiff-Appellant,

v.

Robert W. **WILLIAMS**, et ux., et al., Defendants-Appellees.

No. 84–2596.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 1985.

Decided Oct. 31, 1985.

Alan M. Kyman, Scottsdale, Ariz., for plaintiff-appellant.

William R. Hayden, Snell & Wilmer, Phoenix, Ariz., for defendants-appellees.

Before FERGUSON, NORRIS and WIGGINS, Circuit Judges.

**1018**

PER CURIAM:

In this case, Blasi, was discharged from his position with the State of Arizona. He appealed that decision to the Arizona Personnel Board which recommended that Blasi's termination be upheld. As authorized by Arizona law, Blasi thereupon filed suit in the Arizona Superior Court seeking reinstatement to his former position and back pay. Arizona law precluded an award of attorneys fees, or punitive damage against his employer, if he prevailed in his Superior Court suit. Blasi prevailed in State Court. While appeals were pending from this state judgment, Blasi filed the present action in the United States District Court alleging that his dismissal was the result of constitutional violations allegedly committed by his employer, the State of Arizona. He sought reinstatement, back pay, attorneys fees and punitive damages.

The district court dismissed Blasi's federal action on grounds of *res judicata*. He appeals.

We have addressed the substantive issues in this case in an unpublished memorandum and affirm the judgment. We write here because this circuit has not declared a standard of review for considering the availability of res judicata in this context. We hold that the proper standard of review here is *de novo*.

In *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1519 (9th Cir.1985), this court adopted a *de novo* standard for reviewing the question of the availability of collateral estoppel. (Whether collateral estoppel is available is a mixed question of law and fact in which the legal issues predominate). The same standard is appropriate for determining the availability of res judicata. Whether an identity of parties and causes exist in successive cases also is a mixed question of law and fact in which the legal issues predominate.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.