**Stephen E. and Velda R. HOLLOWAY, Petitioners-Appellants,**

v.

**UNITED STATES of America, W.H. Walton and L.E. Marll, as individuals, Respondents-Appellees.**

**No. 85–4188.**

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 1986 *.

Decided May 16, 1986.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.

App.P. 34(a) and Ninth Circuit Rule 3(f).

Stephen E. Holloway, in pro. per.

Michael L. Paup, Wynette J. Hewett and Robert L. Baker, U.S. Dept. of Justice, Tax Div., Washington, D.C., for respondents-appellees.

Before DUNIWAY, WRIGHT, and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Stephen and Velda Holloway (the Holloways), proceeding in *pro per*, appeal the district court's denial of their petition for a writ of prohibition to stop the Internal Revenue Service (IRS) from seizing and selling their property to satisfy their delinquent taxes. Because the property in question has been sold and the purchaser has not been made a party to this action, we dismiss this case as moot.

## I. FACTS

On August 19, 1985, the IRS seized a parcel of real property belonging to the Holloways to satisfy unpaid federal income taxes for the taxable years 1980 and 1981. The unpaid taxes totalled $7,785.08. A public sale was set for September 19, 1985.

On September 16, 1985, the Holloways filed a petition for a writ of prohibition to prevent the IRS from conducting the sale of the seized property. In their declaration in support of the writ of prohibition, the Holloways alleged that "[t]his sale is being held without proper due process of law, inasmuch, as there has not been a prior hearing to determine the validity of the so called assessment which would support their levy and seizure." The Holloways assert that they have suffered irreparable harm because they were not given their due process right of an opportunity to be heard by a judicial body before they were deprived of their property.

On September 18, 1985, the district court held a hearing on the petition for a writ of prohibition and on that same day entered an order denying the petition. The district court held that the suit was one to restrain the collection of taxes and, as such, was prohibited by the Anti-Injunction Act. 26 U.S.C. § 7421(a).

The Holloways did not seek a stay of this order. On September 19, 1985, the property was sold. The Holloways then timely appealed the denial of the petition for a writ of prohibition.

## II. DISCUSSION

"Generally, an appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 187 (9th Cir.1977). *See also Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1424 (9th Cir.1985).

The Holloways had an opportunity to prevent the sale of their property through

a stay of the order denying their petition for a writ of prohibition. They failed to take advantage of that opportunity and the IRS sold the property. As this court has stated in the bankruptcy context:

It is clear that a party seeking to avoid any impairment in its ability to realize the benefit of a successful appeal ... must seek to stay the progress of the proceeding by obtaining a stay or injunction pending appeal.... Thus a party who chooses to appeal but who fails to obtain a stay or injunction pending appeal risks losing its ability to realize the benefit of a successful appeal.

*Combined Metals*, 557 F.2d at 188 (quoting *In re Lewis Jones, Inc.*, 369 F.Supp. 111 (E.D.Pa.1973) ).

 Furthermore, this court has taken notice of the line of cases dealing with appeals from denials of injunctions. "While not directly on point, these cases stand for the proposition that where an act or event sought to be enjoined has been performed or has occurred, an appeal from the denial of the injunction will be dismissed as moot." *Id.* at 189. We find this reasoning persuasive and extend its application to this appeal. The act or event sought to be prohibited by the Holloways was the sale of their property. That sale has already occurred. The appeal from the district court's denial of the petition for a writ of prohibition must therefore be dismissed as moot.

In addition to their request that this court issue a writ of prohibition against the sale, the Holloways ask that we return their property to them. They argue that this court's ability to return the property is not moot because the period of redemption has not yet expired. This argument does not, however, address the real problem— even if the redemption period has not yet run, the purchaser of the property at the public sale is not a party to this appeal, and this court therefore cannot give any relief that would affect him or her. *See In re Royal Properties, Inc.*, 621 F.2d 984, 986 (9th Cir.1980). "Under these circumstances, if this court were to reach the merits of

this appeal, it would render an advisory opinion upon a moot question. This court will not declare rules of law that will have no effect on the case at bar." *Id.* at 987 (quoting *Local Joint Executive Board, AFL–CIO v. Hotel Circle, Inc.*, 419 F.Supp. 778, 784 (S.D.Cal.1976), *aff'd*, 613 F.2d 210 (9th Cir.1980) ). Because the property has been sold and the purchaser of the property was not made a party to this proceeding and because we cannot grant effective relief in his or her absence, this appeal is dismissed.

 The government seeks an award of sanctions for defending against this frivolous appeal. Dismissal on the ground of mootness does not deprive us of jurisdiction to make such an award. *See Trohimovich v. Commissioner*, 776 F.2d 873, 875 (9th Cir.1985).

 Sanctions are appropriate here. The Holloways' position is patently frivolous. We award the government attorneys' fees and double costs. It has fourteen days within which to file with this panel the documentation of its fees and costs on appeal. The Holloways have seven days thereafter to file any objections to the amounts claimed.

DISMISSED.