**W.L. WILSON, et al.,**
**Plaintiffs-Appellees,**

v.

**UNITED STATES DEPARTMENT OF the INTERIOR, Defendant-Appellant.**

No. 85–2484.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 18, 1986.

Decided Sept. 12, 1986.

Amanda D. Bailey, Grand Junction, Colo., for plaintiffs-appellees.

Arthur Gowran, U.S. Dept. of Justice, Claire L. McGurie, Dept. of Justice, Washington, D.C., for defendant-appellant.

Jeanette Wolfley, Native American Rights Fund, Boulder, Colo., amicus.

Before CHOY, HUG and WIGGINS, Circuit Judges.

## OPINION

PER CURIAM:

The Department of the Interior (Department) appeals from a district court judgment reversing the Secretary of the Interior's (Secretary) denial of Idaho Mining Corporation's (Idaho Mining) application for mineral leases on the Walker River Indian Reservation (Reservation) in Nevada. In its reply brief in this court, the Department argues for the first time that this action is moot. Although we are not pleased with the Department's failure to raise the mootness argument earlier in this action, we agree that the action is moot and therefore vacate the district court's judgment and remand for dismissal of the action.

## FACTS

In February 1974, with the Secretary's approval, the Walker River Paiute Tribe (Tribe) granted Idaho Mining a permit to prospect for minerals on lands within the Reservation. The permit gave Idaho Mining an "exclusive privilege" to apply to the Tribe for mineral leases on Reservation land any time during the term of the permit. In February 1979, Idaho Mining timely applied to the Tribe for several mineral leases. The Tribe referred the application to the Bureau of Indian Affairs (BIA) without taking any action on it. On March 13, 1978, the BIA informed Idaho Mining that the Secretary would not consider the lease application until Idaho Mining complied with certain reporting requirements contained in the permit. On September 27, 1979, the BIA denied Idaho Mining's lease application because Idaho Mining had failed to supply the required reports. Idaho Mining appealed the BIA decision to the Interior Board of Indian Appeals (IBIA), which upheld the denial.

While the appeal was pending before the IBIA, Idaho Mining was dissolved and its assets, including its rights under the permit, were distributed to its shareholders, the Wilsons. After the IBIA upheld the

Secretary's decision to deny the lease, the Wilsons filed this action in the district court naming only the Department of the Interior as a defendant. The district court reversed the IBIA decision and held that Idaho Mining is "entitled as a matter of law to the mineral leases on the Walker River Indian Reservation for which [it] has applied." The Department appeals.

In its reply brief in this court, the Department informed us that on January 12, 1984, the tribal council resolved not to enter into mineral leases with Idaho Mining. At oral argument counsel for the Department and the Tribe indicated that as early as July 1979 the Tribe informed the Secretary that it would not lease its land to Idaho Mining. Neither the tribal council's resolution nor the July 1979 communication between the Tribe and the Secretary are in the Record on appeal. However, at oral argument counsel stipulated to this court's taking judicial notice of these documents.

## DISCUSSION

An action is moot if the court cannot grant any effective relief. *See Luckie v. EPA,* 752 F.2d 454, 458 (9th Cir.1985). Neither this court nor the district court can grant Idaho Mining relief in this action because the Tribe has not been named as a party. Only the Tribe has authority to lease its lands. The Secretary's authority extends only to approving or disapproving leases entered into by the Tribe. *See Poafpybitty v. Skelly Oil Co.,* 390 U.S. 365, 372, 88 S.Ct. 982, 985, 19 L.Ed.2d 1238 (1968) (Secretary not lessor in oil and gas leases on Indian land and cannot grant leases on his own authority); 25 U.S.C. § 396a (1982) (an Indian tribe may lease its land with approval of the Secretary). Therefore, because the Tribe will not enter into a lease with Idaho Mining, the Secretary has no authority over Idaho Mining's lease application. *See Quantum Exploration, Inc. v. Clark,* 780 F.2d 1457, 1459–60 (9th Cir.1986) (nothing for the Secretary to approve if the Indian tribe has rescinded its agreement). The action of the Secretary was premature and, thus, invalid. Because we can neither affirm the disapproval nor order the approval of a lease over which the Secretary had no authority, this action is moot.

The judgment of the district court is vacated and the case is remanded to the district court to vacate the decision of the Interior Board of Indian Appeals and to remand the case to the Secretary to vacate the decision denying the appellant's request for a lease. *See Great Western Sugar v. Nelson,* 442 U.S. 92, 94, 99 S.Ct. 2149, 2150, 60 L.Ed.2d 735 (1979).

In so doing, however, we wish to express our concerns with the Secretary's handling of this case. At the outset, we do not understand why the Secretary did not require the Tribe to either grant or deny the lease before the Secretary considered the application. If the Tribe had refused to grant the lease, as it ultimately did in this case, there would have been no need for the Secretary to get involved in this case and many government and private resources would not have been wasted. Second, we are dismayed that the Secretary waited until his reply brief in this court to raise the mootness issue. The Secretary knew before this action was filed in the district court that the Tribe would not enter into mineral leases with Idaho Mining. If the Secretary had raised this issue in the district court, it is likely that the court would have recognized the problem and dismissed this action without wasting its time, the parties' time, and this court's time.

VACATED and REMANDED.