892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman D. BROWN, Plaintiff-Appellant,
v.
DEPARTMENT OF AGRICULTURE, Defendant-Appellee.
 No. 88-3682.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brown appeals pro se from the district court's dismissal of his 42 U.S.C. § 2000e-16 Title VII claim as moot. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the district court's determination that an action is moot. EEOC v. Goodyear Aerospace Corp., 813 F.2d 1539, 1542 (9th Cir.1987).
 
 
 3
 Brown contends that the district erroneously determined that, because he was retroactively promoted to a comparable position, paid back wages, and reimbursed for legal fees incurred while pursuing his administrative remedies, Brown's Title VII claim was moot. Brown also contends that the district court erred when it held that punitive damages, damages for emotional distress, and other compensatory damages were not available forms of relief under Title VII.
 
 
 4
 We have previously held that Title VII does not provide for either general or punitive damages, Padway v. Palches, 665 F.2d 965, 968 (9th Cir.1982), or damages for emotional distress, Shah v. Mount Zion Hosp. & Medical Center, 642 F.2d 268, 272 (9th Cir.1981). Therefore, the district court correctly held that punitive damages, damages for emotional distress, and other compensatory damages, such as medical expenses requested by Brown, were unavailable under Title VII, and properly limited Brown's claim to his request for lost wages and attorney's fees. Because Brown had already received compensation for these losses, the district court held that his case was moot.
 
 
 5
 "[A] case is moot when events 'prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant.' " Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986) (quoting Holloway v. United States, 789 F.2d 1372, 1373 (9th Cir.1986), quoting Matter of Combined Metals Reduction Co., 557, F.2d 179, 182 (9th Cir.1977)). Because Brown accepted the appellee's offer of a promotion to a comparable position, was paid back wages, and was reimbursed for legal expenses incurred while pursuing his administrative remedies, the district court properly found that Brown already had received the fullest relief possible under Title VII and, accordingly, dismissed his case for mootness. See id.
 
 
 6
 The appellee requests attorney's fees and costs, pursuant to Fed.R.App.P. 38, Fed.R.Civ.P. 11, and 28 U.S.C. § 1927, against Brown for bringing this appeal. Attorney's fees and sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation." Operating Engineers Pension Trust v. A-C Company, 859 F.2d 1336, 1344 (9th Cir.1988). This is not such a case.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3