892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald E. SPENCER, Rubbie R. Spencer, Defendants-Appellants.
 No. 89-35035.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1989.*
Decided Dec. 21, 1989.
 
 Before CANBY, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Donald E. Spencer and Rubbie R. Spencer contest the district court decision holding a previous United States Tax Court's decision res judicata on the issue of appellants' tax liability. The panel has jurisdiction over appellants' timely appeal pursuant to 28 U.S.C. § 1291 (1982).
 
 
 3
 On July 5, 1981, a United States Tax Court's decision became final with respect to the Spencer's tax liability for the tax years 1974 and 1975. The government then brought suit in district court to reduce the tax court's assessment to judgment for taxes due. The district court found in favor of the government on the ground that the tax court's decision was res judicata.
 
 
 4
 We affirm the decision of the district court. We review issues of res judicata de novo. Blasi v. Williams, 775 F.2d 1017, 1018 (9th Cir.1985) (per curiam). Res judicata principles apply in tax litigation. Commissioner v. Sunnen, 333 U.S. 591, 597-98 (1948).
 
 
 5
 In the tax court, appellants refused to present evidence that they did not owe taxes on the ground that it might incriminate them. Appellants contend that the tax court wrongly placed on appellants the burden of proving whether or not they owed taxes. But the decision of the tax court binds parties as to both matters decided and matters which should have been properly raised. Id. at 597. Appellants' proper remedy was to appeal the tax court's decision. Since the tax court suit and the district court suit involve the same taxpayers, for the same tax years, the tax court's determination of appellants' tax liability is preclusive, absent fraud or some other factor invalidating the judgment. Id. at 597. Appellant has not indicated, and the facts do not support, the existence of any mitigating factors preventing the application of res judicata.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3