942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Homer L. BRAND, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-35283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 30, 1991.
 
 Before BROWNING, FARRIS, and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Homer L. Brand appeals pro se the district court's dismissal of his complaint.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and dismiss this appeal as moot.
 
 
 3
 Generally, an appeal will be dismissed as moot if the appellate court is unable to grant effective relief even if the dispute were decided in the appellant's favor. See United States v. Munsingwear, 340 U.S. 36, 39 (1950); Holloway v. United States, 789 F.2d 1372, 1373 (9th Cir.1986).
 
 
 4
 In his complaint, Brand invoked 28 U.S.C. § 2410 to quiet title to real and personal property seized by the Internal Revenue Service ("IRS").[2] Brand alleged that the IRS failed to comply with the congressionally mandated procedural requirements in its assessment of a tax deficiency against him.[3]
 
 
 5
 Section 2410 states in relevant part: "[t]he United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991); see Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). Moreover, we have held that to the extent a taxpayer seeks to challenge "procedural lapses of the assessment ... [section] 2410 does serve as a waiver of sovereign immunity." Arford, 934 F.2d at 232. Because Brand's complaint appears to challenge the procedural validity of the IRS's assessment and lien, his claim is cognizable under section 2410.[4]
 
 
 6
 Even though Brand's complaint may state a claim under section 2410, we must dismiss the action as moot because the property was sold to a third-party prior to the commencement of this action and the purchaser was never made a party to this suit.[5] Section 2410 waives sovereign immunity only for actions which involve "property on which the United States has or claims a mortgage or other lien." See 28 U.S.C. § 2410. Here, the United States had no claim against the property at the time the action was commenced and therefore, by its own terms, section 2410 does not apply. Id. Moreover, it does not appear from the record that Brand filed a lis pendens prior to the sale of the property. Cf. Goodwin v. United States, 935 F.2d 1061, 1063-64 (9th Cir.1991) (2410 action not moot despite sale to third-party if sale occurred after action was filed and taxpayer had filed a lis pendens to give constructive notice to third-party purchasers); Bank of Hemet v. United States, 643 F.2d 661, 664-65 (9th Cir.1981) (bank could assert section 2409(a) claim because United States had interest in property at commencement of action and bank had filed a lis pendens). Thus, because we are unable to grant any effective relief, we dismiss this appeal as moot. See Munsingwear, 340 U.S. at 39; Fultz v. Rose, 833 F.2d 1380, 1380 (9th Cir.1987) (dismissing appeal as moot because third-party purchasers of disputed property were not parties to the action); Holloway, 789 F.2d at 1373-74.
 
 
 7
 DISMISSED as MOOT.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's order dismissed Brand's complaint rather than his action. The language of the order, however, indicates that the court intended to dismiss the action. Thus, this is a final appealable order. See Proud v. United States, 704 F.2d 1099, 1100 (9th Cir.1983); Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984)
 
 
 [2]
 To the extent Brand's complaint also sought a refund from the IRS, the district court correctly concluded that he failed to state a claim because he had not alleged that he had paid the full amount assessed and filed a refund claim prior to bringing this action. See 26 U.S.C. § 7422(a); Flora v. United States, 362 U.S. 145, 176 (1960)
 
 
 [3]
 The IRS contends that the suit is barred on res judicata grounds. We disagree. First, Brand's prior action was dismissed for lack of subject-matter jurisdiction which is not a judgment on the merits. See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir.1985), cert. denied, 476 U.S. 1183 (1986). Second, Brand's prior action, which sought injunctive relief to restrain the IRS's collection efforts, was dismissed without prejudice. See Brand v. United States, No. C87-749-D (W.D.Wa. Oct. 26, 1987). Thus, we find this action is not barred on res judicata grounds
 
 
 [4]
 To the extent Brand seeks to challenge the amount assessed by the IRS, section 2410 does not serve as a waiver of the United States' sovereign immunity. Arford, 934 F.2d at 232; Elias, 908 F.2d at 527 ("[a] taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment")
 
 
 [5]
 Brand attempted to add the third-party purchaser as a defendant, but the district court denied his motion. On appeal, Brand does not challenge the denial of this motion. Accordingly, we deem it waived. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (issues not raised by pro se on appeal are deemed waived)