19 F.3d 1442
 73 A.F.T.R.2d 94-1592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert H. PETERSON; Hoang Loan Mai Peterson, individually
and as Trustee of "Mai Irrevocable Trust"; Mail
Irrevocable Trust; Federal National
Mortgage Association; et al.,
Defendants-Appellants.
 No. 93-35432.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert H. Peterson, Hoang Loan Mai Peterson, and others (collectively the "Petersons") appeal pro se the district court's order denying their Fed.R.Civ.P. 59(e) motion for reconsideration and their Fed.R.Civ.P. 60(b) motion for relief from judgment. We dismiss this appeal as moot.
 
 
 3
 In the action below, the district court granted summary judgment for the government in the government's action to reduce to judgment outstanding tax assessments against the Petersons, to set aside fraudulent conveyances of property, and to foreclose tax liens against the Petersons' property held in an alleged trust. The Petersons filed their notice of appeal on April 29, 1993.
 
 
 4
 On June 10, 1993, the government filed a satisfaction of judgment indicating that the Petersons have paid their tax liabilities in full and that the government has released its tax liens and cancelled the scheduled sale of the Petersons' property. The government contends that this appeal is therefore moot. This contention has merit.
 
 
 5
 In Holloway v. United States, 789 F.2d 1372 (9th Cir.1986), plaintiff taxpayers filed a petition for writ of prohibition to stop the Internal Revenue Service from selling their property to satisfy their outstanding tax liabilities. The district court denied the writ and plaintiffs appealed. While the appeal was pending, the IRS sold plaintiffs' property. We held that the sale of plaintiffs' property rendered the appeal moot because we could no longer grant effective relief in the event plaintiffs prevailed on appeal. Id. at 1373-74. In so holding, we relied on the fact that plaintiffs had failed to obtain a stay of the district court's order. Id. at 1374.[1] We stated that "a party who chooses to appeal but who fails to obtain a stay or injunction pending appeal risks losing its ability to realize the benefit of a successful appeal." Id. (quoting Bennett v. Gemmill (In re Combined Metals Reduction Co.), 557 F.2d 179, 188 (9th Cir.1977)).
 
 
 6
 Here, unlike in Holloway, the Petersons' property was not sold. Rather, the Petersons paid their taxes to avoid a sale of their property. Nevertheless, by failing to obtain a stay of the sale pending their appeal, the Petersons "risk[ed] losing [their] ability to realize the benefit of a successful appeal." Id. We cannot now order the government to release its liens and cancel the sale of the Petersons' property because that has already been done. Therefore, because we cannot grant effective relief to the Petersons in the event they prevail on appeal, we must dismiss this appeal as moot. Id.; accord Koger v. United States, 755 F.2d 1094, 1096-98 (4th Cir.1985) (dismissing appeal as moot where, during pendency of appeal, plaintiff taxpayers failed to seek stay of sale but subsequently paid taxes to avoid sale of property).
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny the Petersons' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court also recognized that the persons who purchased plaintiffs' property were not parties to the action and, therefore, that the court could not grant relief that would be effective as to them. Id