28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marek KOZLOWSKI, Petitioner-Appellant,
v.
Richard C. SMITH, District Director, Director of the
Immigration and Naturalization Service;
Immigration and Naturalization Service,
Respondents-Appellees.
 No. 93-35971.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 21, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marek Kozlowski, a native and citizen of Poland, appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. Sec. 2253, and we dismiss Kozlowski's appeal as moot.
 
 
 3
 To satisfy Article III of the Constitution, an actual, live case or controversy must exist at all stages of judicial review. See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). " 'Generally, an appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant.' " Holloway v. United States, 789 F.2d 1372, 1373 (9th Cir.1986) (quoting In re Combined Metals Reduction Co., 557 F.2d 179, 187 (9th Cir.1977)).
 
 
 4
 In his habeas corpus petition, Kozlowski challenged his detention by Immigration and Naturalization Service ("INS") authorities on the grounds that (1) the District Director of the INS abused his discretion by denying Kozlowski's request for a stay of deportation pending a ruling by the Board of Immigration Appeals ("BIA") on Kozlowski's motion to reconsider the BIA's denial of his first motion to reopen his deportation proceeding on the basis of his eligibility for asylum, and (2) the BIA abused its discretion by denying his request for a stay of deportation pending consideration of his second motion to reopen based on an application for suspension of deportation under 8 U.S.C. Sec. 1254(a)(1). The district court denied Kozlowski's petition on August 27, 1993. On September 1, 1993, Kozlowski was deported to Poland.
 
 
 5
 This court is unable to grant Kozlowski any effective relief. Kozlowski sought review of the District Director's and the BIA's decisions denying his requests for a stay of deportation. Because Kozlowski's deportation already has occurred, any decision we might make with respect to whether Kozlowski was entitled to a stay of deportation will not provide the relief sought. See Williams v. INS, 795 F.2d 738, 741 (9th Cir.1986); Dan Caputo Co. v. Russian River County Sanitation Dist., 749 F.2d 571, 574 (9th Cir.1984) (appeal of action to enjoin construction project moot where court could grant no effective relief because project completed).[1] Thus, because we cannot grant Kozlowski effective relief, we dismiss his appeal as moot.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Kozlowski contends that he should not be barred from seeking a motion to reopen from the BIA because his attorney did not receive notice of the district court's decision before Kozlowski was deported, this contention lacks merit. See Mendez v. INS, 563 F.2d 956, 958 n. 1 (9th Cir.1977) (when an alien's attorney does not receive notice of a deportation order, the subsequent deportation of the alien is not a "legally executed" one, and in that situation, the BIA has jurisdiction to consider a motion to reopen even after alien deported). The copy of the district court's order which Kozlowski provided to this court is stamped received by his attorney's law firm on August 30, 1994, the day before Kozlowski's deportation. Thus, contrary to Kozlowski's contention, his attorney received notice of the district court's ruling before the deportation occurred