34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Claudious Wellington CHANNER, Petitioner-Appellant,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent-Appellee.
 No. 92-56486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Claudious Wellington Channer, an incarcerated alien, appeals pro se the district court's dismissal of his complaint seeking to compel the Immigration and Naturalization Service ("INS") to initiate deportation proceedings against him prior to the completion of his criminal sentence. We dismiss Channer's appeal as moot.
 
 
 3
 To satisfy Article III of the Constitution, an actual, live case or controversy must exist at all stages of judicial review. See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). " 'Generally, an appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant.' " Holloway v. United States, 789 F.2d 1372, 1373 (9th Cir.1986) (quoting In re Combined Metals Reduction Co., 557 F.2d 179, 187 (9th Cir.1977)).
 
 
 4
 Here, the INS initiated deportation proceedings against Channer and the Immigration Judge found Channer deportable on February 7, 1994. Accordingly, Channer's action seeking to compel the INS to initiate deportation proceedings against him now is moot. See id.
 
 
 5
 To the extent that Channer raises, for the first time on appeal, a habeas corpus claim regarding his continued detention by the INS, we decline to consider it. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (generally, this court will not consider claims raised for the first time on appeal). Channer may, however, initiate a new action seeking habeas corpus relief in district court.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3