50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alana CASH, Plaintiff-Appellant,
v.
LOS ANGELES COUNTY DISTRICT ATTORNEY, Defendant-Appellee.
 No. 93-56140.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1995.*
Decided March 16, 1995.
 
 Before: BROWNING, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Alana Cash brought suit against appellee, the Los Angeles County District Attorney ("the D.A."), for alleged constitutional violations arising from the D.A.'s mishandling of the effort to secure child support payments from Tom Stern, the father of her child. The district court dismissed the claim with prejudice on the ground that the D.A. was immune from suit. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the dismissal of the damages claims on immunity grounds, and we affirm the dismissal of the remaining claims as moot.
 
 STANDARD OF REVIEW
 
 3
 This court reviews dismissal of a claim under Rule 12(b)(6) de novo. Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). Allegations of material fact are considered true and construed in the light most favorable to the nonmoving party. Id. We uphold dismissal if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle relief. Id.
 
 I.
 
 4
 The district court dismissed this case on the ground that the D.A., as a public employee, "is not liable for injury caused by the prosecution of any judicial proceeding within the scope of his employment." This language comes from Cal.Gov't Code Sec. 821.6, which provides absolute immunity to prosecutors. See Jager v. County of Alameda, 10 Cal.Rptr.2d 293, 298 (Ct.App.1992). However, state law immunity provisions cannot immunize the D.A. from the federal constitutional claims asserted by Cash. See Howlett By and Through Howlett v. Rose, 496 U.S. 356, 376 (1990); Martinez v. California, 444 U.S. 277, 284 (1980).
 
 
 5
 Nevertheless, the damages claims against the D.A. are barred by the federal doctrine of prosecutorial immunity, which grants prosecutors absolute immunity from section 1983 claims for actions performed within their authority and in a quasi-judicial capacity.[1] See Ashelman v. Pope, 793 F.2d 1072, 1075-76 (9th Cir.1986). Contrary to Cash's argument, we find that the D.A.'s actions were within the prosecutorial function.
 
 
 6
 The D.A. has absolute immunity for any acts that are not "manifestly or palpably beyond his authority" and "hav[e] more or less connection with the general matters committed to his control or supervision." Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir.1984) (internal quotations omitted). There is no dispute that the D.A. was authorized to pursue the enforcement of the child support order. The D.A.'s activities in attempting to enforce the child support order are "an integral part of the judicial process" so as to fall within the quasi-judicial function. See Babcock v. Tyler, 884 F.2d 497, 501-03 (9th Cir.1989) (noting that absolute prosecutorial immunity extends to child protective services workers who execute court orders for seizure and placement of a child), cert. denied, 493 U.S. 1072 (1990); Coverdell v. Department of Social & Health Servs., 834 F.2d 758, 764 (9th Cir.1987). Although Cash alleges deficiencies in the D.A.'s performance in failing to follow-up on the child support hearing, a prosecutor's post-adjudication activities also enjoy absolute immunity. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir.1984), cert. denied, 469 U.S. 1127 (1985); Babcock, 884 F.2d at 503. We therefore hold that prosecutorial immunity bars Cash's damages claims, which we find to include the requested relief, labeled as a claim for declaratory judgment, of an order that the D.A. compensate Cash for lost child support. However, prosecutorial immunity does not extend to suits for equitable relief. See Ashelman, 793 F.2d at 1075. Accordingly, immunity does not bar Cash's remaining claims for declaratory judgment.
 
 II.
 
 7
 Although Cash's claims for equitable relief are not barred by immunity, we nevertheless affirm their dismissal on the grounds that they are moot. We raise mootness sua sponte when our review of the record reveals that it merits consideration, because "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185, 1189 (9th Cir.1986) (internal quotations omitted). Generally, a case is moot if the claims are such that "no effective relief can be granted." Id.
 
 
 8
 The record reflects that the defendant-appellee, the Los Angeles County District Attorney, is no longer responsible for this matter because the D.A. transferred Cash's child support case to San Diego County in 1992, before Cash brought suit in 1993. This fact renders moot Cash's claim against the Los Angeles D.A. for a declaratory judgment that the D.A.'s actions were unconstitutional and contrary to law, because Cash is no longer subject to the D.A.'s allegedly unconstitutional policies. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (holding that claims of unconstitutional prison conditions were moot after the plaintiff had been transferred to another prison). Absent indications that Cash herself faces a "credible threat" that she will again be subject to the same injury at the hands of the Los Angeles County D.A., a declaratory judgment would be improper because it would provide no effective relief. See Sample v. Johnson, 771 F.2d 1335, 1339-40 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986); cf. City of Los Angeles v. Lyons, 461 U.S. 95, 110 (1983) (finding that plaintiff seeking declaratory judgment that a police chokehold was unconstitutional did not present a live case or controversy, absent showing that he faced threat of future harm).
 
 
 9
 Although the complaint does not specifically seek injunctive relief, we also consider whether Cash could benefit from an injunction because the mootness inquiry asks "whether there can be any effective relief." Northwest Environmental Defense Ctr. v. Gordon, 849 F.2d 1241, 1245 (9th Cir.1988) (quoting Garcia v. Lawn, 805 F.2d 1400, 1403 (9th Cir.1986)). We conclude that no such relief is available.
 
 
 10
 Although Cash does not seek to have the D.A. continue to pursue her child support payments, her complaint can be construed to seek an order that the Los Angeles D.A. correct errors in the accounting of child support owed, release her case file, and reverse the Los Angeles County Superior Court's finding that Tom Stern had insufficient means to pay child support. However, these claims are also moot because the Los Angeles D.A. has not had control over Cash's case since 1992 and can neither make corrections to the records nor unilaterally reverse a state court order. See Wilson v. United States Dep't of the Interior, 799 F.2d 591, 592 (9th Cir.1986) (holding that a case was moot because the named defendant could not be directed to do anything that would provide relief). Any injunction directing the Los Angeles D.A. to take actions could not result in meaningful relief, and this court cannot issue an injunction or writ of mandamus to require any actions by the San Diego County District Attorney's Office or the Los Angeles Superior Court, neither of which are parties to this action. See Wilson, 799 F.2d at 592 (finding the case moot when only a third party could effect relief); Holloway v. United States, 789 F.2d 1372, 1374 (9th Cir.1986); In re Royal Properties, Inc., 621 F.2d 984, 986 (9th Cir.1980).
 
 CONCLUSION
 
 11
 We recognize that an inability to collect child support payments is a frustrating problem which can create severe hardship for both parents and children. Nevertheless, our review reveals that the claims before this court against this defendant are either barred by prosecutorial immunity or are moot. This ruling does not preclude the plaintiff from seeking relief against other defendants in another forum.
 
 
 12
 The district court's dismissal of Cash's action is AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Cash's pro se complaint to assert a claim under 42 U.S.C. Sec. 1983 in order to permit consideration of her constitutional claims. Cash's claim that her suit arises directly under the Constitution, citing Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971) (finding private right of action for constitutional violations by federal officials), is misplaced because the present case involves alleged constitutional violations by state officials, for which the proper remedy is a section 1983 action. See Farmer v. Brennan, 114 S.Ct.1970, 1980 (1994)