F I L E D
United States Court of Appeals
Tenth Circuit

MAR 29 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIMOTHY LEE NIPPER, separately
and as trustee for the Proprietor
Property Trust; THOMAS EUGENE
NIPPER, as trustee for the Proprietor
Property Trust and as nominee of
Timothy Lee Nipper,

    Defendants-Appellants,

and

MELLON MORTGAGE COMPANY,
as mortgagee,

    Defendant.

No. 00-5187

(D.C. No. 98-CV-526-K)
(N.D.Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE,** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Timothy Lee Nipper and Thomas Eugene Nipper, appearing pro se, appeal from the district court's August 2, 2000, order which directed the sale of real property. We dismiss the appeal as moot.

The district court granted summary judgment to the United States in its action to recover tax assessments by executing against real property. The property originally was owned by Timothy, who quit-claimed the property to Thomas. Thomas then quit-claimed the property to the Proprietor Property Trust. Following the entry of summary judgment in favor of the United States, the Nippers filed a motion pursuant to Federal Rule of Civil Procedure 59 to alter, amend, or vacate the judgment. The district court denied the motion and the Nippers appealed. See United States v. Nipper, 2001 WL 109157 (10th Cir. Feb. 8, 2001) ( Nipper I ).

On August 1, 2000, the United States moved for an order of sale. The district court granted the motion and entered an order of sale on August 2, 2000. On September 11, 2000, the Nippers appealed the order of sale (the present appeal, Nipper II ) and filed a motion for stay of the sale pending the appeal. The district court conditioned the granting of a stay upon the Nippers posting a

2

supersedeas bond in the amount of $208,823.55 or showing cause why a bond need not be posted or why a modified bond might be acceptable. The Nippers did not file a notice of appeal from that order, did not post the supersedeas bond, and did not succeed in convincing the district court that an appeal bond should not be required in this case. The property was sold at public auction on January 16, 2001.

In February 2001, we reversed the denial of the Nippers' Rule 59 motion and remanded for further proceedings in Nipper I. We concluded that summary judgment was inappropriate because the government had not met its initial evidentiary burden for unreported income cases.

In the present appeal (Nipper II), the Nippers argue that no bond was required and that the bond requested was excessive. However, we do not reach these issues because this appeal is moot. "The constitutional mootness doctrine is grounded in Article III's requirement that federal courts only decide 'actual, ongoing cases or controversies.'" Phelps v. Hamilton, 122 F.3d 885, 891 (10th Cir. 1997) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). "'Generally, an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief.'" Phelps, 122 F.3d at 891 (quoting Thournir v. Buchanan, 710 F.2d 1461, 1463 (10th Cir. 1983)). "The central question in determining whether a case has become moot is whether

3

'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Phelps, 122 F.3d at 891 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

Here, even if we agreed that the district court abused its discretion in ordering the Nippers to post a bond in order to obtain a stay, there is no relief to be granted to the Nippers. The property has been sold. See Holloway v. United States, 789 F.2d 1372, 1373-74 (9th Cir. 1986) (dismissing appeal as moot because property had been sold). The purchaser is not a party to this action. This pleading deficiency further inhibits our ability to grant the Nippers the ultimate relief they seek – the return of their property. See id. at 1374. Further, the Nippers do not argue on appeal that the district court abused its discretion in setting the terms and conditions of sale in its order of sale; they argue instead that the court improperly conditioned the grant of a stay upon their posting of a supersedeas bond. The Nippers' failure to file a notice of appeal from the district court's order to post the supersedeas bond deprives us of jurisdiction over issues pertaining to the bond. Fed. R. App. P. 3(c). In addition, as the sale has occurred, any challenge to the court's order requiring the posting of a bond is moot. See Horstkoetter v. Dep't of Public Safety, 159 F.3d 1265, 1276-77 (10th Cir. 1998).

We DISMISS this appeal as moot.

Entered for the Court

Mary Beck Briscoe
Circuit Judge