**Leigh–Davis GLASS, an individual, Plaintiff—Appellant,**

v.

**WILSHIRE CREDIT CORPORATION, a Nevada corporation; et al., Defendants—Appellees.**

No. 02–55446.

D.C. No. CV–01–09999–RMT.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 22, 2003.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

Leigh–Davis Glass interlocutorily appeals pro se two district court orders, one denying her request for a preliminary injunction as moot, and the other sanctioning her under Fed.R.Civ.P. 11 ("Rule 11") for filing two requests for default judgment while settlement negotiations were still ongoing. We have jurisdiction over the denial of her request for a preliminary injunction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *See Roe v. Anderson,* 134 F.3d 1400, 1402 n. 1 (9th Cir.1998). We affirm in part, and dismiss in part.

Glass' contentions that the district court abused its discretion when it denied her request for a preliminary injunction are unpersuasive. *See Holloway v. United States,* 789 F.2d 1372, 1373–74 (9th Cir. 1986).

We lack jurisdiction to interlocutorily consider Glass' Rule 11 sanction because she is a party to the action and the sanction was not made payable immediately. *See Riverhead Savings Bank v. National Mortgage Equity Corp.,* 893 F.2d 1109. 1113 (9th Cir.1990).

Glass' pending motion to excuse her brief deficiency before this court is granted, and all other motions before this court are denied.

The parties shall bear their own costs on appeal.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**AFFIRMED IN PART, AND DISMISSED IN PART.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.