### Mehran MONTAZER, Petitioner–Appellant,

v.

### IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.

No. 02–16349.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2004.*

Decided March 23, 2004.

Quin Denvir, Esq., Daniel J. Broderick, AFPD, FPDCA, Sacramento, CA, for Petitioner–Appellant.

Glyndell E. Williams, AUSA, USSC, Sacramento, CA, Mary Jane Candaux,

Esq., DOJ, Washington, DC, for Respondent–Appellee.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Mehran Montazer appeals the district court's denial of his request for a preliminary injunction.[1] We dismiss the petition for lack of jurisdiction.

Montazer's motion in the district court asked for a preliminary injunction pending that court's resolution of his CAT claim. But the district court did resolve the claim when it denied the amendment of Montazer's habeas corpus petition to include it. Thus, we lack jurisdiction because the preliminary injunction issue is now moot. *See Headwaters, Inc. v. Bureau of Land Mgmt., Medford Dist.,* 893 F.2d 1012, 1015 (9th Cir.1989); *see also Mann v. Alexander Dawson Inc. (In re Mann),* 907 F.2d 923, 928 (9th Cir.1990) (where we cannot grant effective relief, the issue is moot); *Wilson v. United States Dep't. of the Interior,* 799 F.2d 591, 592 (9th Cir.1986) (same).[2]

Petition DISMISSED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. He also attempted to interlocutorily appeal the district court's denial of his request to amend his habeas corpus petition to spell out

a claim under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, at 197, U.N. Doc. A/RES/39/46 (1984) (CAT). We denied permission.

2. Even if the issue were not moot, we cannot say that the court abused its discretion when it denied the injunction because there was no imminent danger that Montazer would be de-

---

ported. *See Mattel, Inc. v. Greiner & Hausser GmbH,* 354 F.3d 857, 869 (9th Cir.2003); *El Pollo Loco, Inc. v. Hashim,* 316 F.3d 1032, 1038 (9th Cir.2003).

