**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK JAMES LYON, | No. 12-17143 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02586-EFB |
| v. | |
| S. THACKER, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the U.S. District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted April 16, 2013[***]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges

Mark James Lyon, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     Lyon consented to proceed before a magistrate judge.  *See* 28 U.S.C.
§ 636(c).

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process violations in connection with a psychological assessment used in a Parole Board Hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Lyon's claims for damages was proper because defendant is entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (defendant is entitled to qualified immunity unless the conduct at issue violated a clearly established constitutional right). Contrary to Lyon's contentions, the cases he cites on the issue of qualified immunity are inapposite because they involve forced medical intervention, which is not at issue here.

The district court properly dismissed Lyon's claims for injunctive relief because defendant cannot provide the relief that Lyon seeks. *See Wilson v. U.S. Dep't of the Interior*, 799 F.2d 591, 592 (9th Cir. 1986) (concluding that case was moot where named defendant could not be directed to do anything that would provide relief).

**AFFIRMED.**