**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30303 |
| Plaintiff-Appellee, | D.C. No. 2:03-cr-00069-EJL-1 |
| v. | |
| CHRISTOPHER CLOSE, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| HIDDEN VALLEY TRUST, | |
| Claimant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-30002 |
| Plaintiff-Appellee, | D.C. No. 2:03-cr-00069-EJL-1 |
| v. | |
| CHRISTOPHER CLOSE, | |
| Defendant, | |
| and | |
| LOST CREEK TRUST, | |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    Claimant-Appellant.

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 11, 2018[**]
Seattle, Washington

Before: PAEZ and BEA, Circuit Judges, and ROYAL,[***] District Judge.

These consolidated appeals arise from criminal forfeiture ancillary proceedings in the criminal case of Defendant Christopher Close. Defendant was convicted by a jury of multiple counts of health care fraud and money laundering stemming from a Medicare and Medicaid fraud scheme. Appellants Hidden Valley Trust and Lost Creek Trust appeal the district court's orders dismissing their third-party petitions claiming ownership of real properties listed in preliminary orders of forfeiture arising from Defendant's convictions. The district court found Appellants failed to meet their burdens of demonstrating either (a) that they had cognizable legal interests in the properties that were superior to any interest held by Defendant, or (b) that they were bona fide purchasers of the properties. *See* 21

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable C. Ashley Royal, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

2

U.S.C. § 853(n)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"In a case involving [21 U.S.C.] § 853(n), we review the district court's findings of fact for clear error and its legal conclusions de novo." *United States v. Nava*, 404 F.3d 1119, 1127 n. 3 (9th Cir. 2005) (citing *United States v. Lester*, 85 F.3d 1409, 1410-11 (9th Cir. 1996)). "[S]tate law determines whether [c]laimants have a property interest, but federal law determines whether or not that interest can be forfeited." *Id*. at 1127 (internal quotation marks and citations omitted).

**Hidden Valley Trust Appeal**

**1**. The district court properly found Hidden Valley Trust failed to establish it had a superior interest in the Nelson Loop Road Property. "Criminal forfeiture operates in personam against a defendant to divest him of his title to proceeds from his unlawful activity as a consequence of his criminal conviction" and "reaches any property involved in the offense or any property traceable as proceeds to it." *United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007) (citations omitted). There was evidence that Defendant used money derived from the fraudulent scheme to fund improvements to the Nelson Loop Road Property and make escrow payments for the purchase of the property, therefore the property was clearly traceable to Defendant's criminal activities.

Because the criminal activities for which Defendant was charged and convicted predated the creation of the Hidden Valley Trust, the government had a

3

superior interest in the Nelson Loop Property pursuant to the "relation back doctrine." Under the relation back doctrine, "[f]orfeiture relates back to the time of the criminal acts giving rise to the forfeiture. In other words, the United States' interest in the property vests at the time the defendant commits the crime. Otherwise, a defendant could attempt to avoid criminal forfeiture by transferring his property to another party before conviction." *Lazarenko,* 476 F.3d at 647-48 (citations omitted). Although title to the forfeited property "attaches only upon the defendant's conviction," it vests at the time the defendant commits the criminal acts. *Nava*, 404 F.3d at 1124 (citations omitted).

Defendant's indictment specifically alleged that his criminal activities began in January 1998, and each individual count on which Defendant was charged specifically incorporated this allegation before honing in on a particular fraudulent transaction. In convicting Defendant on the individual counts, therefore, the jury convicted him of the entire fraud scheme, which started in January 1998. *See United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016). Because the fraudulent scheme for which Defendant was convicted pre-dated the creation of the Hidden Valley Trust in September 1998, the district court properly found the government had a superior interest in the Nelson Loop Road Property and properly dismissed Appellant Hidden Valley Trust's petition.

**2**. During the pendency of this appeal, the United States Marshals Service

4

sold the Nelson Loop Road Property. The sale rendered moot Appellant's claim that the district court erred in quashing the lis pendens it filed before the sale of the property. "[A]n appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant." *Holloway v. United States*, 789 F.2d 1372, 1373 (9th Cir. 1986) (internal quotation marks and citations omitted).[1]

**Lost Creek Trust Appeal**

1. We also agree with the district court that Appellant Lost Creek Trust failed to prove it had a superior legal interest in the Winch Road Property. The district court correctly determined the United States Tax Court's 2014 findings regarding ownership of the Winch Road Property did not warrant application of res judicata to the criminal forfeiture ancillary proceeding. We review de novo questions involving the application of res judicata. *Blasi v. Williams*, 775 F.2d 1017, 1018 (9th Cir. 1985). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks and citations omitted).

Here, the claims and legal matters at issue in the two proceedings are not

---

[1] Appellant Hidden Valley Trust also alleged the district court erred in sanctioning its counsel for failing to remove the lis pendens as ordered. The district court, however, only threatened sanctions; it did not impose any.

5

identical. The Tax Court action determined Defendant and his wife's tax liability for unreported income for 2003–2004, including income derived from the Winch Road Property. The ancillary forfeiture action addressed whether Lost Creek Trust had a superior interest in the property already found to be forfeitable in the underlying criminal action. Such claims are not identical for res judicata purposes, and we therefore find no error.

**2**. The district court also correctly determined Defendant did not gift the Winch Road Property to Lost Creek Trust.  To effectuate a gift under Idaho law, "a donor must deliver property to a donee, or to someone on his or her behalf, with a manifested intent to make a gift of the property." *Banner Life Ins. Co. v. Mark Wallace Dixson Irrevocable Trust,* 147 Idaho 117, 126 (2009) (citing *Boston Ins. Co. v. Beckett*, 91 Idaho 220, 222 (1966), and *Estate of Hull v. Williams*, 126 Idaho 437, 443 (1994)). "Delivery is accomplished when the grantor relinquishes all present and future dominion over the property." *Id.* (internal quotation marks and citations omitted).

Here, the evidence established that Defendant and his co-owner, Mike Leach, continually possessed dominion and control over the Winch Road Property and thus never delivered the property to the Lost Creek Trust. The evidence conclusively established that the trustee of Lost Creek Trust never managed, possessed, used, or controlled the property. Moreover, the trustee had no role in

6

collecting proceeds from the property, paying the mortgage note, or maintaining records of the trust activities and the trust bank accounts. Defendant and Leach managed and conducted all business regarding the Winch Road Property. Thus, the district court correctly determined Appellant Lost Creek Trust did not obtain the Winch Road Property by gift.

**3**. Finally, the district court committed no error in finding Defendant fraudulently transferred the Winch Road Property to Lost Creek Trust. Despite Lost Creek Trust's arguments to the contrary, no genuine issue of material fact exists as to whether Defendant had an interest in the property to transfer. On the contrary, the undisputed facts and documents in evidence show Defendant obtained an interest in the Winch Road Property when he executed the option to purchase the property, and he fraudulently transferred his interest to Lost Creek Trust.

**AFFIRMED**.