INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, LOCAL 631, Plaintiff–Appellee,

v.

SILVER STATE DISPOSAL SERVICE, INC., Defendant–Appellant.

No. 96–16273.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1997.

Decided March 27, 1997.

Gary G. Branton, Norman H. Kirshman, Kirshman, Harris & Cooper, Las Vegas, Nevada, for defendant-appellant.

Dennis A. Kist, Dennis A. Kist & Associates, Las Vegas, Nevada, for plaintiff-appellee.

Before: ALARCON, BEEZER and O'SCANNLAIN, Circuit Judges.

## OPINION

ALARCON, Circuit Judge.

Defendant-appellant Silver State Disposal Service, Inc. ("Silver State") appeals from a final order granting summary judgment and confirming an amended arbitration award in favor of plaintiff-appellee International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, Local 631 (the "Union"). Silver State contends that, under the doctrine of *functus officio,* the arbitrator lacked the authority to amend the award. We conclude that the doctrine of *functus officio* is inapplicable here because the arbitrator's initial award was incomplete.

## I

On January 6, 1994, Silver State terminated Bernard Williams's employment for violating the company's attendance policy. The Union filed a grievance on Williams's behalf. The Union claimed that Williams was discharged in violation of the collective bargaining agreement between the Union and Silver State. Pursuant to the collective bargaining agreement, the grievance was submitted to an arbitrator for resolution.

On December 15, 1994, the arbitrator concluded that Silver State terminated Williams's employment without just cause. The arbitrator concluded that the penalty for Williams's absenteeism should be a three-day suspension without pay. Silver State complied with the arbitrator's decision and reinstated Williams. Thereafter, a dispute arose between the parties over whether the award entitled Williams to receive back pay. On December 27, 1994, the Union unilaterally requested that the arbitrator clarify the award. Silver State objected to the Union's request for a clarification on the ground that the arbitrator no longer had the authority to do so.

On January 5, 1995, the arbitrator sent the following letter to the parties:

I am sorry that my award was not clear in regard to the reinstatement of Grievant. Please substitute page 15 for the prior page 15. In my award, I intended for Grievant to receive back pay from the date of termination until the date of reinstatement except for the period of the three day suspension. I intended for his other benefits, seniority, etc. to remain in effect as if he had not been terminated.

In response, Silver State informed the arbitrator that it did not consent to the clarification and that the doctrine of *functus officio* precluded any modification of the award.

On February 22, 1995, the Union petitioned the district court to confirm the arbitration award as amended by the arbitrator on January 5, 1995. Silver State filed a counterclaim in which it prayed for enforcement of the initial award. Each party filed a motion for summary judgment. The district court granted the Union's motion for summary judgment and confirmed the arbitration award as amended. Silver State has timely appealed.

## II

Silver State contends that it is entitled to judgment as a matter of law because "the arbitrator was ... precluded from modifying her award on January 5, 1995, pursuant to the common law doctrine of *functus officio.*" (Appellant's Opening Br. at 6.) The Supreme Court recently instructed us regarding "the standard a court of appeals should apply when reviewing a district court decision that ... confirms ... an arbitration award." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, ——, 115 S.Ct. 1920, 1926, 131 L.Ed.2d 985 (1995). The Court held that "review of ... a district court decision confirming an arbitration award ... should proceed like review of any other district court decision finding an agreement be-

tween parties, *i.e.*, accepting findings of fact that are not 'clearly erroneous' but deciding questions of law *de novo.*" *Id.* Here, both parties concede that no genuine issue of fact is in dispute.

█ Under the common law doctrine of *functus officio*, an arbitrator may not redetermine an arbitration award. *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 733–34 (9th Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). In *McClatchy*, we relied upon the Third Circuit's explanation of the doctrine of *functus officio*:

> It is [a] fundamental common law principle that once an arbitrator has made and published a final award his authority is exhausted and he is functus officio and can do nothing more in regard to the subject matter of the arbitration. The policy which lies behind this is an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion.

*Id.* at 734 (quoting *La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 572 (3d Cir.1967)). We also recognized, however, that this principle is limited by three exceptions:

> It has been recognized in common law arbitration that an arbitrator can correct a mistake which is apparent on the face of his award, complete an arbitration if the award is not complete, and clarify an ambiguity in the award.

*McClatchy*, 686 F.2d at 734 n. 1 (citing *La Vale Plaza*, 378 F.2d at 573).

█ The completion exception to the doctrine of *functus officio* applies when an arbitration award fails to resolve an issue or "specify the remedy in definite terms." *Courier–Citizen Co. v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 279 (1st Cir. 1983). The ambiguity exception, in contrast, applies when "the award, although seemingly complete, leaves doubt whether the submission has been fully executed." *La Vale*

*Plaza*, 378 F.2d at 573. Some courts have commingled the completion and ambiguity exceptions. In *Glass, Molders, Pottery, Plastics and Allied Workers Int'l Union v. Excelsior Foundry Co.*, 56 F.3d 844 (7th Cir. 1995), the Seventh Circuit reasoned as follows: "An award that fails to address a contingency that has arisen after the award was made is incomplete; alternatively, it is unclear; either way, it is within an exception to the doctrine." *Id.* at 847.

█ In this case, the arbitrator's clarification was permissible because it completed the award. The arbitrator explained that she had intended to award back pay, but had failed to address the issue. Silver State offered no evidence to refute the arbitrator's explanation of her state of mind at the time she executed the initial award. The district court properly relied upon the arbitrator's statement of her intent in holding that she had authority under *McClatchy* to amend the original award. In *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir.1980), the Fifth Circuit held that the district court did not err when it considered an arbitrator's clarification of an ambiguity in an award. *Id.* at 1263–64. The court reasoned as follows:

> [T]he arbitrator did not alter his decision at all; he merely explained what he did and did not mean by it. And if such an explanation is necessary, the arbitrator is ordinarily *required* to provide it.

*Id.* at 1264 (emphasis in original). Here, the arbitrator's initial award punished Williams by suspending him for three days without pay. If the arbitrator had intended that Williams not receive any pay for the period of time that elapsed prior to his reinstatement, it would have been unnecessary to specify that he would not be paid for the three-day suspension period. The failure to discuss back pay made an explanation of this omission necessary. The arbitrator's clarification set forth a remedy she had intended to award.

In her initial award, the arbitrator framed the issue before her as follows: "1. Did the Employer terminate Grievant on January 6, 1994 for just cause? 2. If not, what should the remedy be?" Left unanswered by the arbitrator's decision that loss of pay for three

days was an appropriate sanction for Williams's conduct was the question whether Williams should receive back pay for the remainder of the period of time he was wrongfully terminated. Because Williams was wrongfully terminated, the arbitrator was required to determine the proper remedy. An award of back pay is a "conventional remed[y] ordered to redress an unlawful discharge." *General Teamsters Local No. 162 v. NLRB,* 782 F.2d 839, 844 (9th Cir.1986); *see also* Frank Elkouri & Edna Asper Elkouri, *How Arbitration Works* 688 (4th ed. 1985) ("If a penalty of discharge is upset through arbitration, the award often will order reinstatement either with back pay, without back pay or with partial back pay....."). Here, the arbitrator's initial award failed to resolve the question whether Williams should receive back pay. The district court did not err in affirming the arbitrator's amended award because it is clear that the arbitrator's award was incomplete.

■ Silver State also contends that the district court erred in confirming the amended award because the arbitrator's clarification was not made pursuant to a "joint request" of the parties. (Appellant's Opening Br. at 9–10.) Silver State has not cited statutory or decisional authority in support of the proposition that a joint request is necessary for an arbitrator to complete an award, clarify an ambiguity, or correct a clear mistake. Instead, Silver State relies on the Code of Professional Responsibility for Arbitrators of Labor–Management Disputes ("Code"). Section VI(D)(1) of the Code states: "No clarification or interpretation of an award is permissible without the consent of both parties." A joint request, however, is unnecessary when the arbitrator's amendment falls within the exceptions to the doctrine of *functus officio.* In discussing these exceptions, the Third Circuit in *La Vale Plaza* noted with approval that "the Pennsylvania courts ... have recognized that an arbitrator may complete a common law arbitration if the award is not complete, even over the objection of one of the parties." 378 F.2d at 573. Under the law of this circuit, an arbitrator has the authority to amend an incomplete award. To hold that a joint request is required before an arbitrator

may clarify or complete an award would empower a party that would benefit from an error to prevent its correction.

### III

■ The Union seeks fees and costs under Rule 38, contending that Silver State's appeal is frivolous because Silver State was "aware of the Ninth Circuit's position as to the arbitrator's authority to clarify her award." (Appellee's Reply Brief at 10.) The Union argues that Silver State "has refused to comply with the arbitrator's award in bad faith and ... has forced the Union to engage the services of an attorney to prosecute this action." *Id.* at 11.

■ This court may award attorney's fees and costs if it determines that an appeal is frivolous. Fed.R.App.Proc. 38. "An appeal is considered frivolous in this Circuit when the result is obvious or the appellant's arguments of error are wholly without merit." *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.), *cert. denied,* 513 U.S. 1000, 115 S.Ct. 510, 130 L.Ed.2d 417 (1994) (citing *McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir.1981)). An appeal, however, is less likely to be considered frivolous when there is "very little case law directly apposite." *Parks Sch. of Business, Inc. v. Symington,* 51 F.3d 1480, 1489 (9th Cir.1995). This circuit has not applied *functus officio* in a published opinion since 1982 when it first applied the doctrine. Because of the dearth of case law defining the precise contours of the exceptions to the doctrine of *functus officio,* we decline to grant the Union's request for Rule 38 sanctions.

The district court's confirmation of the arbitrator's amended award is AFFIRMED. The Union's request for attorney's fees pursuant to Rule 38 is DENIED.