**In re NATIONAL MASS MEDIA TELECOMMUNICATION SYSTEMS, INC., Debtor.**

**NATIONAL MASS MEDIA TELECOMMUNICATION SYSTEMS, INC., Plaintiff–Appellant,**

**v.**

**Linda Ekstrom STANLEY, Trustee–Appellee.**

**No. 95–16150.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 1998.*

Decided Aug. 20, 1998.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Barry D. Ammon, Oakland, California, for plaintiff-appellant.

David E. Pinch, Polk, Scheer and Prober, San Rafael, California, for trustee-appellee.

Before: BRUNETTI, TASHIMA, and GRABER, Circuit Judges.

GRABER, Circuit Judge:·

Plaintiff appealed to the district court from orders of the bankruptcy court relating to the sale of plaintiff's property. The district court dismissed the case as moot, because

the sale of plaintiff's property to a non-party prevented the court from granting any of plaintiff's requested relief. We affirm that dismissal.

## PROCEDURAL HISTORY

### A. *Bankruptcy Court*

On June 22, 1994, plaintiff National Mass Media Telecommunication Systems, Inc., commenced this Chapter 11 case. Pursuant to 11 U.S.C. § 362(a), the bankruptcy case automatically stayed lender Cournale & Company's scheduled foreclosure sale of plaintiff's property.

Thereafter, lender moved for relief from the automatic stay. On October 14, 1994, the bankruptcy court required, as a condition to continuing the stay, that plaintiff pay lender an adequate protection payment of $2,500. *See* 11 U.S.C. §§ 361 and 362(d) (authorizing the court to condition continuance of a stay on an adequate protection payment).

On October 21, 1994, plaintiff filed a notice of appeal to the district court from that order and a motion seeking to stay the order pending the appeal. On October 25, 1994, the bankruptcy court denied plaintiff's request for a stay pending appeal. Nonetheless, plaintiff did not pay lender the $2,500.

Because plaintiff failed to make the $2,500 payment, the bankruptcy court lifted the automatic stay on October 27, 1994. Lender conducted a foreclosure sale the next day. Although lender purchased plaintiff's property at that sale, lender sold the property to a non-party soon thereafter.

On November 4, 1994,[1] the bankruptcy court converted plaintiff's Chapter 11 case to a Chapter 7 case. Plaintiff amended its notice of appeal to challenge the bankruptcy court's orders lifting the automatic stay and converting the Chapter 11 case to a Chapter 7 case.

### B. *District Court*

On May 16, 1995, the district court dismissed plaintiff's appeal to that court as moot. The court reasoned that, because a

---

1. Plaintiff argues that the court converted the case before November 4, 1994. We are bound by the record, which states otherwise. However, even were we to accept the plaintiff's date, the appeal is still moot.

non-party had bought plaintiff's property, the court could not grant plaintiff any of the relief that it was seeking. On appeal to this court, plaintiff contends that the district court erred in dismissing the case.

### STANDARD OF REVIEW

■ We review *de novo* the district court's determination that plaintiff's appeal to it was moot. *See Arnold & Baker Farms v. United States (In re Arnold & Baker)*, 85 F.3d 1415, 1419 (9th Cir.1996) ("Mootness is a jurisdictional issue which we review de novo."), *cert. denied,* —— U.S. ——, 117 S.Ct. 681, 136 L.Ed.2d 607 (1997).

### FAILURE TO OBTAIN A STAY

Plaintiff first argues that the district court erred because plaintiff's request for a stay prevented its appeal from becoming moot.[2] We are not persuaded.

■ Failure actually to stay a foreclosure sale generally renders an appeal regarding that sale moot. *See Mann v. Alexander Dawson Inc. (In re Mann)*, 907 F.2d 923, 926 (9th Cir.1990) ("[T]he debtor's failure to obtain a stay normally renders the appeal moot."); *Onouli–Kona Land Co. v. Estate of Richards (In re Onouli–Kona Land Co.)*, 846 F.2d 1170, 1171 (9th Cir.1988) ("Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets."). In the present context, merely asking for a stay is not enough.

■ This case involves "real" or constitutional (Article III) mootness,[3] a concept that applies when "an event occurs while a case is pending appeal that makes it impossible for the court to grant 'any effectual relief.'" *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (citation omitted). The sale of a debtor's property to a non-party is such an event

if the debtor seeks only a return of its property. *See Fultz v. Rose*, 833 F.2d 1380, 1380 (9th Cir.1987) (Because the purchasers "are not parties to this action, we are no longer able to grant any effective relief from that order or to reach the merits of this appeal.") (private sale in compliance with a court order); *Holloway v. United States*, 789 F.2d 1372, 1374 (9th Cir.1986) ("Because the property has been sold and the purchaser of the property was not made a party to this proceeding and because we cannot grant effective relief in his or her absence, this appeal is dismissed.") (IRS sale).

■ Because constitutional mootness focuses only on the inability of the court to grant effective relief, the conduct of the parties is irrelevant in determining whether a claim is moot. In *Gemmill v. Robison (In Matter of Combined Metals Reduction Co.)*, 557 F.2d 179 (9th Cir.1977), this court analyzed the effect of moving for, but failing to obtain, a stay on a constitutional mootness challenge. There, the bankruptcy trustee had obtained the court's permission to sell some of the debtor's property. *Id.* at 185–86. The debtor sought a stay of the court orders pending appeal; however, the district court denied that request. *Id.* at 191. This court stated:

> [W]e are somewhat disturbed by the lower court's cavalier treatment of the appellant's application for the stay which would have preserved his appeal.
>
> . . . .
>
> . . . However, as a result of the consummation of the sale, it appears that we are powerless to do anything more than simply point out the circumstances of the district court's ruling. . . .
>
> Given the trial court's ruling, the transfer of title and the failure to join the transferees as parties, it would appear that this court cannot . . . restore

---

**2.** Plaintiff moved to stay only the adequate protection order and not the order lifting the automatic stay. However, because a stay of the adequate protection order would have prevented the foreclosure sale, plaintiff in substance sought to stay the foreclosure sale. *See Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.)*, 652 F.2d 793, 798 (9th Cir.1981) (analyzing the debtor's effort to stay a mandamus order, rather than a bankruptcy plan order, because a stay in the

mandamus proceeding also would have stayed implementation of the bankruptcy plan).

**3.** This case does not involve the doctrine of "equitable" mootness. *See Matter of UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir.1994) ("There is a big difference between *inability* to alter the outcome (real mootness) and *unwillingness* to alter the outcome ('equitable mootness').") (emphasis in original).

the status quo or grant any relief, even if the district court did err....

*Id.* at 192.

■ Thus, we conclude that plaintiff's request for a stay did not prevent its claims from becoming moot when no stay was, in fact, ordered.

## ALL CLAIMS RENDERED MOOT

Next, plaintiff argues that not all its claims are moot. In the district court, plaintiff sought to challenge several rulings by the bankruptcy court. The only remedy that plaintiff demanded, however, was the return of its property. As noted, because a non-party now owns that property, the district court was powerless to grant that relief. Thus, plaintiff's case is moot no matter how many theories it had in support of its claim for return of the property.[4]

## REQUEST FOR SANCTIONS

■ Lender requests sanctions, pursuant to Fed.R.Civ.P. 11 ("Rule 11"), against plaintiff for filing a frivolous appeal. Rule 11, however, does not apply to appellate proceedings. *See Partington v. Gedan,* 923 F.2d 686, 688 (9th Cir.1991) (en banc) (per curiam) ("Rule 11 sanctions may no longer be imposed in our circuit on appeal.").

■ Although we cannot award sanctions under Rule 11, we have discretion to award damages for a frivolous appeal under Fed. R.App. P. 38, 28 U.S.C. § 1912, or 28 U.S.C. § 1927. *See NLRB v. Unbelievable, Inc.,* 71 F.3d 1434, 1441 (9th Cir.1995) ("Where this court determines that an appeal is frivolous, it may, in its discretion, award the prevailing party damages."). An appeal is frivolous within the meaning of that rule when " 'the result is obvious or the appellant's arguments of error are wholly without merit.' " *International Bhd. of Teamsters Local 631 v. Silver State Disposal Serv., Inc.,* 109 F.3d 1409, 1412 (9th Cir.1997) (citations omitted).

■ Even if we were to conclude that this appeal is "frivolous," we would decline to award damages here. Lender submitted the same terse brief to this court that it submit-

ted below. In the absence of substantial new legal work by lender before this court, we conclude that lender has not been damaged sufficiently to justify the exercise of our discretion in its favor.

AFFIRMED.

---

4. Plaintiff also argues in its opening brief that the district court erred by not giving plaintiff back rent allegedly owed by its former tenants. We need not consider the merits of that argument,

because plaintiff did not appeal to the district court any order of the bankruptcy court relating to the payment of back rent.