IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20695
_____


TRANS CHEMICAL LIMITED; ET AL,

                    Plaintiffs,

TRANS CHEMICAL LIMITED,

                    Plaintiff-Appellee,

v.

CHINA NATIONAL MACHINERY IMPORT AND EXPORT CORPORATION;
ET AL,

                    Defendants,

CHINA NATIONAL MACHINERY IMPORT AND EXPORT CORPORATION

                    Defendant-Appellant.

*******************************************************

In The Matter Of: MOHAMMED H. HALIPOTO, M.D.; ZAREENA
HALIPOTO,

                    Debtors,

----------------------------

CHINA NATIONAL MACHINERY IMPORT AND EXPORT CORPORATION,

                    Appellant,

v.

TRANS CHEMICAL LIMITED,

                    Appellee.

*******************************************************

C N M I E C,

                              Plaintiff-Appellant,

        v.

        T C L,

                              Defendant-Appellee.

        _____

_____

             Appeal from the United States District Court
                   for the Southern District of Texas
_____
                         December 8, 1998
Before KING, JOLLY, and JONES, Circuit Judges.

PER CURIAM:

        China National Machinery Import and Export Corporation (CMC)

appeals the district court's confirmation of an arbitral award

rendered against it.  We affirm.

        On appeal, CMC raises four issues:  (1) Is CMC, a Chinese

corporation, an "agent or instrumentality of a foreign state"

under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603,

such that the district court had subject matter jurisdiction to

confirm the arbitral award rendered against CMC, 28 U.S.C.

§ 1330?  (2) Was the arbitral award "not considered as

domestic . . . in the State where [its] recognition and

enforcement are sought" such that the district court could

enforce it pursuant to the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards of June 10, 1958, 21

U.S.T. 2517 (1970), reprinted in 9 U.S.C. § 201?  (3) Did the

contract between CMC and TCL involve "commerce" such that the district court could enforce the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 2?  (4) Did the district court err in refusing to vacate the award under the Federal Arbitration Act, 9 U.S.C. § 10(a)(1)?

We agree with the district court's analysis of these issues and therefore adopt Parts I-V of its careful and comprehensive opinion, In re Arbitration Between: Trans Chemical Ltd. & China National Machinery Import & Export Corp., 978 F. Supp. 266 (S.D. Tex. 1997).[1]  The judgment of the district court is AFFIRMED.

---

[1]  We do not, of course, imply that the other portions of the opinion are in any way erroneous.