Datsopoulos, MacDonald & Lind, Missoula, MT, James A. Patten, Esq., Patten Law Office, Billings, MT, Ann T. Wilson, Law Offices, Jerret E. Sale, Esq., Deborah L. Carstens, Bullivant Houser Bailey, PC, Seattle, WA, for Defendant-Appellant.

Lon J. Dale, Esq., Milodragovich, Dale & Dye, P.C., Jon R. Binney, Milodragovich, Dale and Dye, Missoula, MT, Gary S. Deschenes, Esq., Great Falls, MT, for Debtor-Appellee.

Before: TROTT, FISHER, and GOULD, Circuit Judges.

MEMORANDUM *

Bonnie Snavely appeals, via the District Court, two orders of the Bankruptcy Court. The first order declared a state judgment null and void and awarded sanctions for Snavely's violation of the automatic stay. The second order denied Snavely's motion to modify the automatic stay and granted in part her alternative motion to annul the stay.

"Basic principles of mootness preclude our claiming jurisdiction when failure to obtain a stay pending appeal 'has permitted such a comprehensive change in circumstances as to render it inequitable for this court to consider the merits of the appeal.'" *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1423 (9th Cir.1985) (quoting *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir.1981)).

In this appeal, subsequent events "make it impossible for us to fashion a remedy that would restore the interested parties to their former position." *Id.* Snavely did not obtain stays of these or later orders pending appeal. Subsequent events in Miller's ongoing bankruptcy, including the sale of the property concerned to third parties by

both Snavely and Miller, have rendered this appeal moot.

**APPEAL DISMISSED**

**ABC INTERNATIONAL TRADERS, INC. d/b/a MGA Entertainment, a California Corporation, Plaintiff—Appellant,**

v.

**FUN 4 ALL CORPORATION, a Delaware Corporation and Scott Bachrach, Defendants—Appellees.**

No. 02–56544.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2003.

Decided Oct. 29, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Douglas G. Benedon, Esq., Benedon & Serlin, Woodland Hills, CA, for Plaintiff–Appellant.

Dale F. Kinsella, Esq., Greenberg, Glusker, Fields, Claman & Machtinger, Michael J. Kump, Esq., Greenberg, Glusker, Fields, Claman, Machtinger & Kinsella, Los Angeles, CA, for Defendant–Appellee.

Before: RYMER and TALLMAN, Circuit Judges, and LEIGHTON,\* District Judge.

---

\* Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

**MEMORANDUM \*\***

ABC International Traders, Inc., d/b/a MGA Entertainment ("MGA"), appeals from a judgment confirming an arbitration award in favor of Fun 4 All Corp. ("F4A"). We affirm.

**I**

A district court's confirmation of an arbitration award is reviewed "like any other district court decision ... accepting findings of fact that are not clearly erroneous but deciding questions of law de novo." *Coutee v. Barington Capital Group, L.P.,* 336 F.3d 1128, 1132 (9th Cir.2003).

**II**

As a procedural matter, F4A contends that MGA does not have standing to pursue this appeal in light of an apparent oral agreement between the parties that the arbitrator's award would not be appealable. Although the arbitration award recites that "this matter was submitted to the undersigned on a final and non-appealable basis," MGA's trial counsel disputes the existence of any such oral agreement. Given the uncertainty regarding the alleged oral agreement, we assume the parties did not waive judicial review and we address the substantive issues raised in MGA's appeal.

**III**

■ MGA first contends that the arbitrator lacked authority to deny its post-award fraud claim under the doctrine of *functus officio.* Although the doctrine of *functus officio* prevents an arbitrator from redetermining an award, this doctrine does not apply when the arbitrator has not

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

made a final decision. *Int'l Bhd. of Teamsters, etc. v. Silver State Disposal Serv., Inc.*, 109 F.3d 1409, 1411 (9th Cir.1997). "To be considered 'final,' an arbitration award must be intended by the arbitrator to be [a] complete determination of every issue submitted." *Millmen Local 550, etc. v. Wells Exterior Trim*, 828 F.2d 1373, 1376 (9th Cir.1987). The award expressly states that the arbitrator "retains jurisdiction of this matter for purposes of ... supervising any disputes that may arise out of the audit permitted herein, and for purposes of making any alterations or amendments to this award in light of subsequent developments as outlined herein." Given this reservation of jurisdiction, the doctrine of *functus officio* does not apply and the arbitrator properly considered MGA's fraud claim based on information obtained by MGA during the audit.

## IV

■ MGA next challenges the district court's finding that the arbitration award was not procured by fraud or other undue means. Although an arbitration award can be overturned when procured by fraud or other undue means, the misconduct must not have been "discoverable by due diligence before or during the arbitration hearing...." *In re Trans. Chem. Ltd. and China Nat. Mach. Import & Export Corp.*, 978 F.Supp. 266, 304 (S.D.Tex.1997), *aff'd*, 161 F.3d 314 (5th Cir.1998). "Where fraud ... is not only discoverable, but discovered and brought to the attention of the arbitrators, a disappointed party will not be given a second bite at the apple." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir.1992). MGA discovered certain documents during a post-award audit of F4A's books and records that purportedly demonstrated violations of a licence agreement between the parties. MGA brought this evidence to the arbitrator's attention in a motion to vacate the arbitration award. The arbitrator denied the motion and affirmed the award. Because the alleged fraud was discovered and brought to the arbitrator's attention during the arbitration, the district court correctly found that the award was not procured by fraud or undue means

## V

■ Finally, MGA challenges the district court's finding that the arbitrator did not manifestly disregard copyright law in reaching his decision. Although an arbitration award may be vacated for "manifest disregard of the law," *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1985), the record must clearly demonstrate that the arbitrator "recognized the applicable law and then ignored it." *Michigan Mut. Ins. Co. v. Unigard Security Ins. Co.*, 44 F.3d 826, 832 (9th Cir.1995). The arbitrator found that MGA failed to establish "a non-cancelable order being taken by F4A prior to the execution of the License Agreement," thereby precluding a determination of infringement. Against this backdrop, the district court correctly found that the arbitrator recognized the law and applied it to the facts in this case.

**AFFIRMED.**