**IBP, INC., Plaintiff—Appellant,**

v.

**LOCAL 556 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Defendant—Appellee.**

No. 03–35912.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2005.*

Decided May 31, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Rivera v. Ashcroft,* 394 F.3d 1129 (9th Cir. 2005).

2. *See id.* at 1140.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gerald A. Golden, Esq., Howard L. Bernstein, Esq., Neal, Gerber and Eisenberg, Chicago, IL, for Plaintiff–Appellant.

David N. Mark, Esq., Seattle, WA, for Defendant–Appellee.

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM \*\*

IBP, Inc. ("IBP") appeals the district court's order confirming the arbitrator's award in part and vacating it in part, and the district court's subsequent refusal to reconsider its decision after the arbitrator amended his initial determination in favor of Local 556 International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Union"). We affirm.

### I. The Arbitrator's Determination that IBP Violated the Collective Bargaining Agreement ("CBA")

Judicial "review of an arbitrator's decision is *extremely* narrow"; an arbitrator's resolution need only be "rationally derived from some plausible theory of the general framework or intent of the agreement." *Van Waters & Rogers, Inc. v. International Bhd. Of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 56 F.3d 1132, 1135 (9th Cir.1995) (citations omitted) (emphasis in original).

 It is plausible that the arbitrator construed the CBA provision "allowing" a 30–minute meal period as "allotting" or "providing" the employees with a 30–minute respite. Such a reading is consistent with the other provisions of the agreement. *See id.* at 1136 (arbitrator's determination upheld where provision in question "may be read consistently with the arbitral award"). Moreover, the arbitrator could have reasonably concluded that because IBP's authority to set work hours was limited to instances where the hours were directly connected to production, IBP was powerless to unilaterally change the timing of the lunch period during which no production occurred.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II. The Arbitrator's Award and Clarification

The *functus officio* doctrine does not prohibit an arbitrator from "correct[ing] a mistake which is apparent on the face of his award, complete an arbitration if the award is not complete, and clarify an ambiguity in the award." *International Bhd. of Teamsters, Chauffers, Warehousemen and Helpers of Am., AFL–CIO, Local 631 v. Silver State Disp. Serv., Inc.,* 109 F.3d 1409, 1412 (9th Cir.1997) (citing *McClatchy Newspapers v. Central Valley Typographical Union No. 46, Int'l Typographical Union,* 686 F.2d 731, 734 n. 1 (9th Cir.1982)). A fair reading of the district court's order vacating in part and confirming in part the arbitrator's award suggests that the arbitrator had leave to clarify whether the back-pay-with-interest award was a remedy for the CBA violation.

■ We reject IBP's argument that the Award and Clarification did not draw from the essence of the CBA. If the arbitrator concluded that the primary effect of the extension kept employees at work for extra time, regardless of whether that time was spent on break or working, then it is plausible that the arbitrator saw fit to pay employees for that time. *Van Waters,* 56 F.3d at 1135 (courts grant broad deference to the judgments of arbitrators as long as they are "rationally derived from some plausible theory of the general framework or intent of the agreement") (internal citations and quotation marks omitted).

Moreover, that the arbitrator relied on "traditional" NLRB remedies does not suggest that his remedy disregarded the essence of the agreement. Arbitrators are free to look to the law for guidance in fashioning remedies. *Id.* at 1137. Simple reference to outside law does not affirmatively demonstrate that the arbitrator fashioned his own brand of industrial justice. *Id.*

■ Finally, IBP argues that the Award and Clarification should be vacated because the Union allegedly had improper ex-parte communications with the arbitrator, precluding IBP from an opportunity to present its position to the arbitrator. The Union's allegedly ex-parte communications with the arbitrator were not objectionable because the Union only requested that the arbitrator clarify his award. *Silver State Disp. Serv.,* 109 F.3d at 1412 (arbitrator may clarify an award without a joint request of the parties).

## III. Attorneys' Fees

There is nothing in the CBA that provides for an award of attorneys' fees in the event of a breach by either party. Instead, the agreement specifically provides that "[t]he arbitrator's fees and expenses ... shall be borne equally by the employer and the Union. All other costs and expenses shall be borne by the party incurring them."

■ Moreover, although attorneys' fees may be assessed if a losing party acted in bad faith, IBP did not act in bad faith as evidenced by its *successful* challenge in the district court to the arbitrator's conclusions that IBP had violated § 8(a)(5) of the NLRA. *See Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752, Int'l Bhd. of Teamsters,* 989 F.2d 1077, 1084 (9th Cir.1993) (party did not "unjustifiably refuse[ ] to comply with the award" where "[n]ot only did [the party] have a good faith objection to the arbitrator's remedy, it correctly believed that the arbitrator had exceeded his authority").

Similarly, we refuse to award fees under Federal Rules of Appellate Procedure 38 because IBP did not act in bad faith. IBP's attempts to vacate the award and

this ensuing appeal, although ultimately unconvincing, were not frivolous.

AFFIRMED.