# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2010

No. 09-31142
Summary Calendar

Lyle W. Cayce
Clerk

TRINIDAD SUYAPA BARAHONA,

Plaintiff - Appellee

v.

DILLARD'S, INC., formerly known as Dillard Department Stores, Inc.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-cv-00152

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Dillard's, Inc. ("Dillard's") appeals the district court's decision to vacate an arbitration award for fraud under the Federal Arbitration Act ("FAA"). Dillard's argues that the district court erred in vacating the arbitration award. We agree. Accordingly, we reverse the judgment of the district court and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31142

## I. FACTS AND PROCEDURAL HISTORY

Dillard's is a department store chain with locations throughout the United States, including Houma, Louisiana. Appellee Trinidad Suyapa Barahona was a salesperson in Dillard's Houma store until she was terminated by Patrick Broussard, who was the Houma store manager. Ms. Barahona believed that she was terminated in violation of Title VII, and she brought this suit against Dillard's, alleging that she was terminated either because of her race or in retaliation for her complaints of discrimination.

Ms. Barahona's employment contract with Dillard's contained an arbitration agreement, so the district court, with the parties' consent, stayed her case to allow the parties to arbitrate her claims. During the arbitration proceedings, the parties conducted discovery, which included depositions and document requests, and the parties participated in a three-day arbitration hearing where they were given the opportunity to present their evidence and arguments. On the third day of the hearing, Mr. Broussard appeared and testified as a witness. Ms. Barahona's counsel questioned Mr. Broussard on a number of matters, including whether he ever communicated via e-mail with any Dillard's employee regarding Ms. Barahona. Mr. Broussard answered, "Yes." Dillard's, however, had not produced Mr. Broussard's e-mails during the discovery phase of the arbitration. The reason for Dillard's failure to produce the e-mails was never elucidated, as neither party elicited any testimony as to why the e-mails were either overlooked or intentionally not produced.

In response to Mr. Broussard's testimony, Dillard's counsel moved to continue the arbitration proceeding so that Dillard's could produce the e-mails. Ms. Barahona's counsel refused to consent to Dillard's motion, stating that he

No. 09-31142

was objecting to the continuance "about as much as anybody can" and that he would "have to appeal if this thing was adjourned." The arbitrator denied Dillard's motion to continue. The arbitrator penalized Dillard's by drawing an adverse inference against Dillard's for its failure to produce Mr. Broussard's e-mails. The parties then completed the hearing and submitted the case to the arbitrator for his determination. Despite the adverse inference, the arbitrator ruled in favor of Dillard's, finding that Ms. Barahona did not carry her burden of proof on her discrimination and retaliation claims.

After the arbitrator announced his findings, Ms. Barahona moved the district court to vacate the arbitration award due to Dillard's failure to produce Mr. Broussard's e-mails. After Ms. Barahona moved to vacate, Dillard's produced Mr. Broussard's e-mails and argued that the contents of the e-mails showed that a vacatur was unwarranted. Dillard's also moved to have the arbitration award confirmed. The district court initially chose not to vacate the arbitration award and instead remanded the case back to the arbitrator for reconsideration in light of the newly produced e-mails. The arbitrator refused to reconsider the arbitration award, finding that he lacked jurisdiction to reconsider it. After the arbitrator refused to reconsider the award, the district court granted Ms. Barahona's motion, denied Dillard's motion to confirm, and vacated the arbitration award, finding that the award was procured by fraud as a result of Dillard's failure to produce Mr. Broussard's e-mails. This appeal followed.

## II. DISCUSSION

We review the district court's decision to vacate an arbitration award de novo, "deferring greatly to the [arbitrator's] decision." *Downer v. Siegel*, 489 F.3d

No. 09-31142

623, 626 (5th Cir. 2007). Pursuant to the FAA, the district court's ability to vacate an arbitration award is limited to the four grounds enumerated in 9 U.S.C. § 10(a). *Id.* Only one of those grounds is at issue here. The district court vacated the arbitrator's award under § 10(a)(1), which permits a district court to vacate an award "where the award was procured by . . . fraud." Dillard's argues that the district court's decision was erroneous. We agree.

Under the FAA, a party who alleges that an arbitration award was procured by fraud must demonstrate: (1) that the fraud occurred by clear and convincing evidence; (2) that the fraud was not discoverable by due diligence before or during the arbitration hearing; and (3) the fraud materially related to an issue in the arbitration. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negra*, 364 F.3d 274, 306 (5th Cir. 2004); *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 304-06 (S.D. Tex. 1997), *aff'd and adopted by*, 161 F.3d 314 (5th Cir. 1998) ("We agree with the district court's analysis of these issues and therefore adopt Parts I-V of its careful and comprehensive opinion."). A party, however, cannot meet its burden of proof "[w]here the grounds for fraud '. . . is not only discoverable, but discovered and brought to the attention of the arbitrators;'" in such a case, courts will not give "'a disappointed party . . . a second bite at the apple.'" *Trans Chem.*, 978 F. Supp. at 306 (quoting *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992)). Here, Dillard's allegedly fraudulent conduct was discovered during the arbitration hearing and brought to the attention of the arbitrator, who addressed it by drawing an adverse inference

No. 09-31142

against Dillard's.[1]  As a consequence, Ms. Barahona cannot meet her burden of proof under the FAA on this prong.[2]  *See Trans Chem.*, 978 F. Supp. at 306; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (rejecting a plaintiff's motion to vacate an arbitration award when "the fraud claim was presented in its entirety to, and ruled upon by, the arbitrator"), *modified on other grounds*, 275 F.3d 1187, 1188 (9th Cir. 2001).  Accordingly, we find that the district court erred in vacating Dillard's arbitration award.  Because the facts concerning whether or not the alleged "non-production fraud" was discovered during the arbitration hearing are undisputed, further development of the record would not alter the result.  Thus, it is appropriate to direct the district court to grant the motion to confirm rather than ordering further proceedings.

### III. CONCLUSION

For the foregoing reasons, the district court's order vacating the arbitration award is REVERSED, and the case is REMANDED with instructions to enter an order confirming the arbitration award.

---

[1]  Although Ms. Barahona discovered Dillard's alleged fraud during the arbitration proceeding and presented it to the arbitrator, the district court found that Ms. Barahona was entitled to a vacatur because she could not have discovered the extent of Dillard's fraud until Dillard's produced the e-mails at issue.  Ms. Barahona, however, had an opportunity to discover the e-mails during the arbitration proceeding and chose not to do so.  By refusing to seek discovery of the e-mails, Ms. Barahona cannot now complain about Dillard's failure to produce the e-mails. *See Trans Chem.*, 978 F. Supp. at 306 (finding that an arbitration award could not be vacated for fraud when the party moving to vacate the award discovered the fraud, brought it to the attention of the arbitrator, and had an opportunity to discover the extent of the fraud but chose not to do so).

[2]  As a result, we need not reach the other prongs.  We note, however, the lack of any proof that the non-production was intentional or otherwise "fraudulent."