# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2012

Lyle W. Cayce
Clerk

No. 11-20681

SABRINA KAY TAYLOR,

                    Plaintiff-Appellant

v.

UNIVERSITY OF PHOENIX/APOLLO GROUP,

                    Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 08-00878

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

This appeal is from the denial of a motion to vacate an arbitration award. Finding no reversible error, we AFFIRM the judgment of the district court. Taylor also seeks to appeal the district court's imposition of sanctions, and we DISMISS for lack of jurisdiction that portion of the appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20681

I.    BACKGROUND

In January of 2005, Sabrina K. Taylor ("Taylor") began working for the University of Phoenix, Inc./Apollo Group, Inc. ("University").  On December 16, 2005, Taylor attended an employee Christmas party at work.  During this party, the employees played a game of musical chairs, and one of Taylor's co-workers pulled a chair out from under Taylor, who was injured when she fell to the floor.

During the next two years, Taylor took periods of leave under workers' compensation and the Family Medical Leave Act ("FMLA").  She also took sick leave, personal leave, and vacation time.  On January 7, 2008, when she reported for work, she was not allowed on the premises.  Taylor's physician never released her to return to work a full eight-hour day.  The University maintained that because she could not work an eight-hour day (which is undisputed), she was unable to perform an essential function of the job and that she voluntarily resigned effective March 18, 2008.

Meanwhile, in February of 2007, Taylor filed a complaint with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission ("EEOC"), alleging that the University discriminated against her because of her disability.  She also claimed that the University retaliated against her.  She claimed that the discrimination began on June 6, 2006, and was a continuing action.  Taylor's pleadings provide that she ultimately received a notice of the right to file a civil action.

Subsequently, Taylor filed an employment discrimination suit in Texas state district court against the University.  The University removed the suit to federal district court on the basis of diversity.  The parties filed a Joint Motion to Stay and Compel Binding Arbitration, which the district court granted.

The parties submitted the matter to arbitration.  The Honorable Katie Kennedy, a former state district judge in Harris County, Texas, held an arbitration hearing over four days.  At some point during the arbitration,

2

No. 11-20681

Taylor's counsel withdrew and Taylor proceeded *pro se.* On January 28, 2011, Judge Kennedy issued a six-page Arbitration Award, finding that although Taylor was disabled, the University did not discriminate against her because of her disability. Further, Judge Kennedy found that Taylor had shown neither that the University failed to provide a reasonable accommodation nor that it retaliated against her for filing the EEOC claim. Finally, Judge Kennedy rejected Taylor's claims of intentional infliction of emotional distress and breach of contract. Thus, it was ordered that Taylor was not entitled to damages. Taylor filed several motions attempting to overturn the Award, and Judge Kennedy denied the motions.

On March 18, 2011, Taylor filed a motion to reinstate her claim in federal district court. She also filed a motion to vacate the Arbitration Award. The University filed a motion to confirm the Arbitration Award and enter final judgment. The district court denied the motions to vacate the award and reinstate Taylor's claim. The court granted the University's motion to confirm the Arbitration Award and entered final judgment. Taylor filed a motion for reconsideration of the denial of the motion to vacate, which the district court denied. Taylor filed a notice of appeal from the denial of her motion for reconsideration. Taylor subsequently filed a motion to stay the district court's orders. The district court denied the motion to stay and imposed sanctions in the amount of $1,000 to reimburse the University for costs and attorney's fees associated with responding to Taylor's motion to stay. Taylor is proceeding *pro se* on appeal.

II.    ANALYSIS

A.    Standard of Review

"Judicial review of an arbitration award is extraordinarily narrow and this Court should defer to the arbitrator's decision when possible." *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). This Court

reviews "a district court's confirmation of an award de novo, but the review of the underlying award is exceedingly deferential." *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007) (citation and internal quotation marks omitted). Under the Federal Arbitration Act, there are only four grounds upon which we may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4). The party moving to vacate an arbitration award under the FAA has the burden of proof. *See Matter of Arbitration Between Trans Chem. Ltd. and China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 304–06 (S.D.Tex. 1997), *aff'd and adopted by*, 161 F.3d 314 (5th Cir. 1998). Further, "all doubts implicated by an award must be resolved in favor of the arbitration." *Rain CIII Carbon, LLC v. ConocoPhillips*, 674 F.3d 469, 474 (5th Cir. 2012).

> B.     Fraud and Undue Means (9 U.S.C. § 10(a)(1))

Taylor contends that the award should be vacated because it was procured by fraud. "The statute does not provide for vacatur in the event of any fraudulent conduct, but only 'where the *award was procured* by corruption, fraud, or undue means.'" *Forsythe Int'l., S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1022 (5th Cir. 1990) (quoting 9 U.S.C. § 10(a)) (emphasis in opinion).

No. 11-20681

Thus, there must be a "nexus between the alleged fraud and the basis for the [arbitrator's] decision." *Id.*

Taylor first points to the testimony of Jan Doyle. Taylor asserts that Doyle testified that Taylor requested unprotected personal leave, which removed Taylor from her protected FMLA leave status. Taylor further asserts that, during cross-examination, Doyle authenticated the document containing her signature that demonstrated that it was Doyle who changed Taylor's leave status to unprotected leave. The fact that Doyle prepared the document is not necessarily inconsistent with the assertion that Taylor requested personal leave. These assertions fall woefully short of demonstrating that the award was procured by fraud.

Similarly, Taylor asserts that the University's witness, Christina Robinson Grochette, testified that she was not aware of who had cancelled the order for Taylor's ergonomic chair; however, on cross-examination, the witness admitted that she was the only one who had the authority to cancel the order. Taylor has not shown that any inconsistency in Grochette's testimony fraudulently procured the award.[1]

Taylor further points to the University's witness, Stephanie Shearer, who testified via teleconference. Taylor claims that the University's counsel intentionally did not provide "certain documents" to Shearer, which precluded Taylor from both (1) questioning Shearer regarding the documents and (2) entering the documents into evidence. Even assuming *arguendo* that Taylor's assertions are true, Taylor does not explain any nexus between the missing

---

[1] Additionally, Taylor accuses Cherye-Ann McNamee, a witness for the University, of perjuriously stating that Taylor "was not at work to engage in talks regarding workplace accommodation." Nonetheless, Taylor concedes that after certain emails were produced, McNamee acknowledged that "she was the one off-from-work during that time period." Taylor has not shown that the award was procured by fraud based on McNamee's testimony.

No. 11-20681

documents and the award. *Forsythe Int'l S.A.,* 915 F.2d at 1022. Thus, this claim fails.

Taylor next complains that the arbitrator did not compel the defense to produce Theresa Washburn-Grant as a witness on May 25, 2010 or May 26, 2010. Thus, she claims that her case was hindered by the inability to "finish questioning" the witness in violation of the Texas Civil Practice and Remedies Code. "As a speedy and informal alternative to litigation, arbitration resolves disputes without confinement to many of the procedural and evidentiary strictures that protect the integrity of formal trials." *Forsythe Int'l S.A.,* 915 F.2d at 1022. "Parties to voluntary arbitration may not superimpose rigorous procedural limitations on the very process designed to avoid such limitations." *Id.* In any event, Taylor has failed to show any nexus between the arbitrator's "failure" to compel the University to produce the witness and the award.

Taylor claims that the University did not produce records that would demonstrate that she reported to work on certain dates, including January 7, 2008, which would demonstrate that she complied with the "FMLA Return to Work policy." Taylor asserts that the University "implies that the claimant's FMLA leave ended on December 18, 2007." Regardless of whether the University failed to produce the records in question, the arbitrator expressly found that Taylor reported for work on January 7, 2008. This claim is without merit.[2]

Taylor also accuses the University of using undue means by submitting an inapplicable, newer Employee Handbook and Job Description to "mislead and fraudulently procure a mandatory arbitration proceeding." Taylor fails to allege that the older, applicable handbook did not contain an agreement to binding

---

[2] Taylor also concedes that the payroll records proved that she worked on the dates in question.

arbitration.[3] Moreover, Taylor, represented by counsel at the time, agreed to the instant arbitration by filing a "Joint Motion to Stay and Compel *Binding* Arbitration." (emphasis added). This claim is without merit.

Taylor claims that University employee Joanna Lacey misrepresented Taylor's injuries on a report which delayed Taylor's receiving worker's compensation. We will assume for purposes of this appeal that Lacey misrepresented Taylor's injuries. Nonetheless, because the arbitrator found that Taylor was disabled, she cannot show a nexus between the alleged misrepresentations and the award.

### C.    Right to a Judicial Forum

Taylor contends that the district court erred in denying her motion to reinstate her claim after the arbitration award was issued. Relying on *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), Taylor claims that although she submitted her claim to arbitration, she did not waive her right to be heard in a judicial forum. It is true that *Gardner-Denver* contains broad language favoring the resolution of discrimination claims in a judicial forum rather than in arbitration proceedings;[4] however, in recent years, the Supreme Court has significantly limited the holding. Specifically, the Supreme Court explained that *Gardner-Denver* and its progeny did not address whether an

---

[3]    Even assuming *arguendo* that the arbitration policy had changed, "[u]nder Texas law, it is presumed that [the employee] understood and accepted the terms" of the arbitration policy once an employer has notified the employee of any changes in the contract and the employee continues to work for the employer. *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 675-76 n. 2 (5th Cir. 2006). The University states that Taylor signed acknowledgments of the Dispute Resolution Policy and Procedure on March 1, 2006, January 2, 2007, and January 3, 2008. In her district court pleadings, Taylor admitted that she had to sign the acknowledgments every year as "a contingency of her employment."

[4] "We think, therefore, that the federal policy favoring arbitration of labor disputes and the federal policy against discriminatory employment practices can best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective-bargaining agreement and his cause of action under Title VII." *Gardner-Denver Co.,* 415 U.S. at 59-60.

No. 11-20681

agreement to arbitrate a statutory claim is enforceable. *14 Penn Plaza LLC v. Pyett*, __ U.S. __, 129 S.Ct. 1456, 1468 (2009)  Instead, in that line of cases, the employees had agreed only to arbitrate their contractual claims—not their statutory claims. *Id.* The arbitrators therefore did not have the power to resolve the employees' statutory claims, which explains why the opinions held that the arbitration of the contractual claims did not preclude bringing the statutory claims in federal court. *Id.*

In the case at bar, the Dispute Resolution Policy and Procedure in the Employee Handbook expressly included arbitrating employment discrimination claims arising under federal statutes. The Supreme Court has explained that once a party agrees to arbitrate, "the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 628 (1985). The party attempting to avoid arbitration has the "burden to prove that Congress intended to preclude a waiver  of a judicial forum" for the statutory claim at issue. *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 674 (5th Cir. 2006).[5]  As previously set forth, Taylor brings her disability discrimination claims under the ADA. We have held that "Congress did not intend to exclude the ADA from the scope of the FAA." *Miller v. Public Storage Mgmt., Inc.,* 121 F.3d 215, 218 (5th Cir. 1997). In addition to the binding arbitration policy, Taylor filed a Joint Motion to Stay and Compel Binding Arbitration, which the district court granted.[6] Taylor is precluded from

---

[5]  "[C]ourts have regularly held that claims by employees arising under federal and state employment statutes are subject to the FAA and mandatory arbitration." *Garrett*, 449 F.3d at 675 n.1 (string cite omitted).

[6]  Although Taylor asserts that she "has always believed she had a right to pursuit [of] judicial relief," the Dispute Resolution Policy and Procedure expressly states that the "parties waive their right to a trial, with or without a jury," and that the "decision of the Arbitrator shall be final and binding upon the parties, except as provided" by the FAA.

showing that the district court erred in denying her motion to reinstate the suit after arbitration.[7]

### D.    Partiality of Arbitrator  (9 U.S.C. § 10(a)(2))

Taylor contends that the arbitration award demonstrates that the arbitrator engaged in evident partiality.  More specifically, she argues that the arbitrator erred in ruling that the ability to work an 8-hour shift is an essential function of her job.[8]  We understand her to be arguing that the arbitrator made a mistake of fact or mistake in applying the law.  "An award may not be set aside for a mere mistake of fact or law."  *Apache Bohai Corp. LDC v. Texaco China*, 480 F.3d 397, 401 (5th Cir. 2007).

In any event, even assuming that this is a proper basis upon which to attack the award, in view of the deference given to the arbitrator's decision, we do not believe she has carried her burden of demonstrating error sufficient to overturn the award.  To state a disability discrimination claim under the ADA, the employee must be able to perform the essential functions of her job, with or without a reasonable accommodation.  42 U.S.C. § 12111(8).  Pursuant to her physician's orders, Taylor was only allowed to work a 6-hour shift.  The arbitrator found that working 8 hours was an essential function of her job.  There is precedent to support the arbitrator's ruling.  The First Circuit has held that working more than 40 hours a week can be deemed an essential function of a job under FMLA. *Tardie v. Rehabilitation Hosp. of R.I.*, 168 F.3d 538, 544 (1st

---

[7]  Taylor's argument that the district court erred in failing to have a status hearing is frivolous.  There was no need to hold a status hearing because it is undisputed that the binding arbitration proceedings had been completed, and that the arbitrator had issued the arbitration award.

[8]  Taylor also claims that this ruling exceeds the arbitrator's power.  That claim is frivolous because that is precisely what the arbitrator was engaged to rule upon.

No. 11-20681

Cir. 1999).[9] The Court further held that the employee's request to work only 40 hours a week was a request to eliminate an essential function, and an "employer need not accommodate a disability by foregoing an essential function of the job." *Id.* Because "all doubts implicated by an award must be resolved in favor of the arbitration," and there is precedent to support the ruling, Taylor is not entitled to relief on this issue.[10] *Rain CIII Carbon,* 674 F.3d at 474.

> E.   Attorney's Fees

Finally, Taylor challenges the district court's imposition of sanctions in the amount of $1,000 to reimburse the University for costs and attorney's fees incurred in preparing its response to Taylor's motion to stay any and all orders, determinations, and judgments rendered by the district court. On July 9, 2011, the district court entered an order granting the motion to confirm the arbitration award and final judgment. On July 27, Taylor filed a motion for reconsideration of the motion to vacate the award. On September 1, the district court denied Taylor's motion for reconsideration. On September 15, Taylor filed a notice of appeal from the motion for reconsideration. On September 23, Taylor filed an amended notice of appeal from the judgments denying the motion to vacate the order to compel arbitration and the motion to vacate the award and reinstate the claim. On October 3, Taylor filed a motion to stay any and all orders, determinations, and judgments rendered by the court beyond February 13, 2009. The University filed a response to the latest motion on October 20, 2011. On November 11, 2011, the district court entered an order denying the motion to

---

[9]   The instant case involves the meaning of "essential function" in the context of the ADA. However, this is of no moment because the regulations implementing the FMLA incorporate by reference the ADA's definition of the term "essential function." 29 C.F.R. § 825.123(a).

[10]   We need not determine whether we would affirm this ruling by a district court outside the context of arbitration. In other words, we are not deciding whether we would affirm the legal ruling if we were reviewing it *de novo.*

10

No. 11-20681

stay and further imposed sanctions in the amount of $1,000 to reimburse the University for costs and attorney's fees incurred in preparing its response to the motion to stay.  Taylor did not file a notice of appeal from the sanctions order.

Pursuant to Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure, the "notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . ." Rule 3 is jurisdictional. *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 651–52 (2012).  Because Taylor filed notices of appeal referencing specified rulings but failed to file a notice of appeal referencing the sanctions order, this Court has no jurisdiction to review the order not referenced. *Warfield v. Fidelity and Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990).  Indeed, Taylor could not have intended to appeal the sanctions ruling in her notices of appeal because the sanctions order had not yet been made at the time the notices of appeal were filed. *Id.* at 326.  We therefore have no jurisdiction to address the imposition of the sanction. *See Pope v. MCI Telecomm. Corp.*, 937 F.2d 258, 266-67 (5th Cir. 1991) (holding that there was no jurisdiction to evaluate the award of attorney's fees because the notice of appeal, which was filed before the award of attorney's fees, did not mention the fees).

III.    CONCLUSION

Because we have no jurisdiction to review  the district court's imposition of sanctions, the appeal from the district court's imposition of sanctions is DISMISSED.  Because Taylor has failed to carry her burden of demonstrating one of the limited bases for vacating an arbitration award, we find no reversible error in the district court's judgment.   The district court's judgment is AFFIRMED.  All pending motions are DENIED.