# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2013

No. 12-50758
Summary Calendar

Lyle W. Cayce
Clerk

SONIA ELADIA ACOSTA SALDIVAR,

Plaintiff - Appellee

v.

ERICK RODELA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CV-76

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sonia Saldivar filed a complaint in federal district court, seeking relief under the International Child Abduction Remedies Act.[1] The district court entered judgment in her favor on June 22, 2012. Its order explained that Saldivar had fourteen days to file an itemized request for attorney's fees and costs. Saldivar filed that request fifteen days later, on July 7, 2012. Defendant Erick Rodela responded on July 16, 2012, contending in part that Saldivar's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 42 U.S.C. § 11601.

request was untimely.[2] On July 20, 2012, Rodela filed a notice of appeal "from a final order entered in this action on June 22, 2012."

The district court awarded fees and costs in an order dated October 10, 2012. Rodela did not file a notice of appeal from that order. Rodela now contends that because Saldivar's motion was untimely, the district court abused its discretion by partially granting her request for fees and costs. Because Rodela did not appeal from the October 10 order, we lack jurisdiction to resolve this contention.

Federal Rule of Appellate Procedure 3(c)(1)(B) provides that a "notice of appeal must . . . designate the judgment, order, or part thereof being appealed."[3] That requirement is jurisdictional.[4] "Where the appellant notices the appeal of a specified judgment only or a part thereof, . . . this [C]ourt has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal."[5] Although the district court's June 22, 2010 order *mentioned* costs and fees, the court did not *award* costs and fees until several months after Rodela filed his notice of appeal. And while Rodela did not appeal until briefing on cost- and fee-shifting was complete, he "could not have intended to appeal the [cost- and fee-shifting] *ruling* in [his] notice[] of appeal because the [cost- and fee-shifting] order had not yet been made at the

---

[2] Saldivar replied to this response on July 19, 2012.

[3] FED. R. APP. P. 3(c)(1)(B).

[4] *See Gonzalez v. Thaler*, 132 S. Ct. 641, 651–52 (2012); *Taylor v. Univ. of Phoenix/Apollo Group*, 487 F. App'x 942, 948–49 (5th Cir. 2012) (per curiam).

[5] *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 732 (5th Cir. 2008) (quoting *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 266 (5th Cir.1991) (internal quotation marks omitted)) (alteration in original).

time the notice[] of appeal [was] filed."[6] We therefore DISMISS.

---

[6] *Taylor*, 487 F. App'x at 949 (emphasis added); *cf. U.S. ex rel. Stebner v. Stewart & Stephenson Servs, Inc.*, 144 F. App'x 389, 394–95 (5th Cir. 2005) (per curiam) ("Concerning his challenge to the approximately $ 42,000 in costs awarded S & S, Stebner filed a notice of appeal from the 2 February 2004 judgment on 1 March 2004, after S & S had filed its bill of costs on 17 February and Stebner had filed a motion on 27 February for review of costs. On 7 April, the district court granted S & S's original bill of costs. That 7 April decision was an independently appealable order. . . . Stebner's 1 March notice of appeal specifies appeal only from the 2 February judgment. Because he failed to file a supplemental notice of appeal, specifying the 7 April costs-award, we lack jurisdiction to review this issue.").